## CONSOLIDATED SCHOOL DIST. NO. 2 OF GARFIELD COUNTY *et al.* v. BEESON *et al.*

### No. 3049.  Opinion Filed December 19, 1911.

#### Rehearing Denied January 23, 1912.

#### (120 Pac. 643.)

1. **SCHOOLS AND SCHOOL DISTRICTS**—Powers of Electors—Prosecution of Suits—Dismissal.  The qualified electors of a school district have power, under the provisions of sec. 8056, Comp. Laws 1909, at a special meeting, legally called for that purpose, to give such directions and make such provisions as may be deemed necessary in relation to the prosecution or defense of any suit or proceeding in which the district may be a party, and may order the dismissal of an appeal of an action theretofore taken by the district to the Supreme Court, and, in case of the failure or refusal of the school district board to carry out such directions and instructions, may designate a committee to act for and in behalf of such district, and such committee will thereby have power to appear and dismiss said appeal.

2. **SAME**—Action to Enjoin School Board—Real Parties in Interest.  In an action brought against the members of a school district board in their official capacity, whereby it is sought to prevent, by injunction, the sale of school district property, the letting of a contract for the erection of a new building, the organization of a graded school, etc., the district is the real party in interest, and the members of the school district board are nominal parties only.

(Syllabus by Robertson, C.)

*Error from District Court, Garfield County; James B. Cullison, Judge.*

Action by Ira L. Beeson and others against Consolidated School District No. 2 of Garfield County and others.  Judgment for plaintiffs, and defendants bring error.  Dismissed.

*McKeever & Walker* and *Sturgis & Manatt,* for plaintiffs in error.

*Garber & Kruse,* for defendants in error.

*Robberts, Curran & Otjen,* for committee representing Consolidated School District No. 2, Garfield County.

Opinion by ROBERTSON, C.   This is an action begun in the district court of Garfield county by Ira L. Beeson, Bismark Ripley, and Edwin Getz to enjoin plaintiffs in error, Emil Jupe, treasurer, E. E. Landis, director, Stephen A. Beck, clerk, of consolidated school district No. 2, Garfield county, Okla., from selling certain properties formerly owned by school districts 1, 2, 23, and 24 (which were consolidated May 5, 1911, under the name of consolidated school district No. 2 of Garfield county, and which is the real party plaintiff in error herein), and that pending a hearing and proceedings to change said consolidated district No. 2, and to return to the school districts out of which it was organized, said consolidated district No. 2, its officers, and agents, be temporarily restrained from the selling or incumbering in any way said properties, so that, if a return to said school districts 1, 2, 23, and 24, is had, said districts will have suitable facilities to hold school therein during the coming year, and that said defendants be enjoined from letting a contract for the erection and construction of a school building in said consolidated district, and for such other and further relief as the equities in the premises may warrant to a majority of the qualified voters in said district.

A temporary injunction was issued and served, and a motion made to dissolve the same, which relief was denied, whereupon defendant school district, by its officers, answered by general denial, and trial was had on September 1, 1911, and judgment was entered making the temporary injunction permanent, and defendants have brought this appeal to secure a reversal of said judgment.   The trial court found, among other things, that consolidated district No. 2 of Garfield county was a duly organized and existing school district, and that it had a legally elected, qualified, and acting school board; that it had no building site; that at an election held on the 3d of June, 1911, for the purpose of voting bonds to erect a new schoolhouse, said bonds were voted down, and that said district has no funds with which to build a schoolhouse; that it now owns and controls four houses located in what was formerly districts 1, 2, 23, and 24; that said schoolhouses are centrally located in said old districts, and are well equipped for school purposes, and that there are 144 school children in

said district entitled to school advantages. The court found that said consolidated district for want of funds, and insufficient time to build a schoolhouse, is unable to accommodate said children for the coming year. The court further found that owing to the financial condition of consolidated school district No. 2, and in view of the further fact that the time for the schools of the county to begin having arrived, it would be detrimental to the children of consolidated school district No. 2 for said school board to attempt to organize a graded school such as is contemplated by the law authorizing the organization of consolidated school districts. The judgment of the court was that the school board of consolidated district No. 2 in said county and state should be, and it was, enjoined from the removing or disposing of the schoolhouses located in what was formerly known as school districts numbered 1, 2, 23, 24, from their present sites; that said school board be enjoined from entering into a contract to build or purchase a schoolhouse for said consolidated district; that they immediately proceed to employ four teachers to teach in school districts heretofore known as districts 1, 2, 23, and 24; that they shall maintain and keep up said schools for a term of not less than six months, unless it be made to appear that funds are not available to maintain school for said length of time; that said board was further enjoined from putting into operation or maintaining a consolidated union, or graded, school in said school district, as is contemplated by law governing consolidated schools, until the further order of the court. This appeal was filed in this court September 13, 1911, and on November 9, 1911, a motion to dismiss the appeal was filed, not by defendants in error, but by Messrs. Robberts, Curran & Otjen, who sign as "Attorneys for Consolidated School District No. 2, for the Special Purpose of this Motion."

The motion to dismiss the appeal, omitting the caption, is as follows:

"Comes now consolidated school district No. 2 of Garfield county, Okla., plaintiff in error, by its attorneys, Robberts, Curran & Otjen, who have been employed for the purpose of this motion by I. L. Beeson, George M. Dizney, and Joe Zeleny, a committee who was duly elected at a special meeting of the elec-

tors of consolidated school district No. 2 of Garfield county held at the schoolhouse in old district No. 24 in said county, on September 23, 1911, and authorized as shown from the minutes of said meeting to employ counsel for the purpose of filing this motion and representing the said consolidated school district No. 2 of said county in said court at the hearing of this motion, and to ask to have the said appeal dismissed at the cost of the said consolidated school district No. 2. The authority of said attorneys for appearing for this motion is hereto attached, marked 'Exhibit A,' and made a part of this motion. And the said consolidated school district No. 2 of said county shows to the court that a special meeting of the voters of said consolidated school district No. 2 was held on the 23d day of September, 1911, at the schoolhouse in old district No. 24 in Garfield county. That said special meeting was called by a petition filed with the clerk of said school district by a majority of the electors residing in said consolidated school district. A copy of said petition calling for said special meeting is hereto attached, marked 'Exhibit B,' and made a part of this motion. That, in pursuance to said call, notices were posted in five public places in the said consolidated school district by the clerk of said district, as shown by affidavits hereto attached, and marked 'Exhibit C.' That in pursuance to said notices, and at the time and place fixed in said notices for said meeting, 137 legal voters of said school district appeared and attended said meeting. That the minutes of said meeting, so far as the same appertain to the above-entitled action, and so far as the same concern and authorize the dismissal of the appeal in the above-entitled action, duly sworn to, are hereby attached, marked 'Exhibit D,' and made a part of this motion. That it was voted at said meeting, as shown from said minutes, that it was the desire of the said school district that the appeal in the above-entitled action should be dismissed, and I. L. Beeson, George M. Dizney, and Joe Zeleny were appointed by the vote of said meeting to represent the said school district in employing counsel; and were authorized and instructed by the voters at said meeting to dismiss or cause to be dismissed the appeal in the above-entitled action. Wherefore, consolidated school district No. 2 moves the court that its appeal in the above-entitled action be dismissed at its cost. Robberts, Curran & Otjen, Attorneys for Consolidated School District No. 2, for the Special Purpose of this Motion."

"Exhibit A: Authority to Appear. This is to certify that we, the undersigned committee appointed at the special meeting of consolidated school district No. 2 held at the schoolhouse in

Consolidated School Dist. No. 2 of Garfield County et al. v. Beeson et al.

old district 24 on September 23, 1911, in Garfield county, Okla., pursuant to call, and, as authorized by the voters at said meeting, have employed attorneys Robberts, Curran & Otjen, of Enid, Okla., to file a motion in the Supreme Court of the state of Oklahoma to dismiss the appeal pending in said court wherein the consolidated school district No. 2 of Garfield county, Okla., and Emil Jupe, treasurer, E. E. Landis, director, and Stephen A. Beck, clerk, of said district, are plaintiffs in error, and Ira L. Beeson, Bismark Ripley, and Edwin Getz are defendants in error, and to appear in said court and represent the consolidated school district upon the hearing of said motion; and to ask that said appeal be dismissed at the cost of said consolidated school district. Dated this 1st day of November, 1911. Geo. M. Dizney. Ira S. Beeson. Joseph Zeleny."

"Exhibit B: Call for a Special Meeting of the Legal Voters of Consolidated School District Number 2 of Garfield County, Oklahoma. We, the undersigned, a majority of the legal voters of consolidated school district No. 2, Garfield county, Okla., do hereby call a special meeting of the legal voters of said district to be held Saturday, the 23d day of September, 1911, at the schoolhouse on the southeast quarter of section twenty-two (22) in township twenty-four (24) north, of range three (3) W., I. M., between the hours of 2 o'clock and 6 o'clock p. m. of said day for the following purposes, to wit: First. To consider and determine and act upon the proposition whether or not an appeal shall be taken from the judgment rendered in the district court of Garfield county, Okla., wherein Ira L. Beeson is plaintiff and consolidated school district No. 2 of Garfield county, Okla., *et al.*, are defendants. In case an appeal has been perfected and taken in said action, whether such appeal shall be dismissed. Second. To consider and determine whether or not the board shall continue to longer appear, either in the prosecution or defense of any litigation in which the district is a party, or to employ counsel for the district without being specifically authorized so to do by a majority vote at a district meeting. Third. To consider and determine and act upon the proposition whether or not the district shall appoint or elect a committee of three to appear in behalf of the district, instead of the director or other officers of the board of said district, to employ counsel and take charge of and dispose of any litigation or action in which the district may be a party. Fourth. To consider and determine and act upon the proposition whether or not an action now pending in the superior court, Garfield county, Okla., in which consolidated district No. 2 is plaintiff and the board of county commissioners of Garfield

county are defendants, shall be dismissed. Fifth. To reconsider the former action taken by the annual meeting of said district in levying five mills on the dollar valuation for the purpose of a building fund to be used in the construction and erection of a schoolhouse by said district, and determine what, if any, levy shall be made for said purpose. We hereby request the clerk of consolidated school district No. 2 of Garfield county, state of Oklahoma, to post five notices of the above-proposed meeting as required by law, and, in case said clerk fails or refuses to post said notices as required by law, we hereby appoint and authorize B. F. Beverlin to post five notices of said proposed meeting as required by law."

Which petition was signed by 137 legal voters of said school district, same being more than a majority of all the voters thereof. This motion is also accompanied by the affidavit of Bismark Riley, S. D. Crosby, E. H. Balzer, and Mrs. Geo. Balzer, showing that legal notice of the calling of the special meeting was had by posting notices thereof in five public places in said district. Said motion is accompanied also by Exhibit D, which is a copy of the minutes of the special meeting held on the 23d day of September, 1911, in said district, and which, among other things, contains the following:

"Moved by Dizney, and seconded by I. L. Beeson, that no appeal be taken from the judgment rendered in the district court of Garfield county, Okla., wherein Ira L. Beeson is plaintiff and consolidated school district No. 2 of Garfield county, Okla., et al., are defendants, and in case an appeal has been taken in said action that a committee of three be elected with full power and authority to appear for, and on behalf of, the district to dismiss said appeal in the Supreme Court. Votes in favor of, 77. Votes against, 60. Motion carried.

"Moved by Geo. Dizney, and seconded by Geo. Balzer, that the board of consolidated district No. 2, and each member thereof, be, and are hereby, instructed not to employ counsel for said district or appear in prosecution of, or defense of, any suit in which the district is a party, unless specifically authorized so to do by a majority vote of the legal voters at a district meeting. Votes in favor of, 69. Votes against.

"Moved by Dizney, and seconded by Geo. Balzer, that, inasmuch as the litigation being carried on by the present board is against the wishes of a majority of the legal voters of consolidated district No. 2, that we do hereby elect I. L. Beeson, Geo.

Consolidated School Dist. No. 2 of Garfield County et al. v. Beeson et al.

M. Dizney, and Joe Zeleny as. a committee with full authority to appear for and in behalf of said district, instead of the present board or any member thereof, in all litigations wherein said district is a party or may become a party, said committee so elected is hereby authorized to take charge of and dispose of any and all litigations in which the district may be a party and if necessary employ counsel for that purpose. Votes cast in favor of, 69. Votes against."

The members of the school district board have filed an answer to the motion to dismiss the appeal, and allege therein:

"First. That the attorneys filing this motion purporting to have authority from consolidated school district No. 2 to make said motion have no legal authority to appear and make said motion. Second. That no meeting of electors of said consolidated school district ever authorized any one to file said motion. Third. That the consolidated school district No. 2 is only a nominal party in said action, and no power or authority is vested in the electors of said district to dispose of any action where the decree or judgment does not affect it substantially."

And in support of said answer they have filed the affidavits. of E. E. Landis, the director of said district, and one of the plaintiffs in error, in which he admits the legality and sufficiency of the call for the special meeting; that he was chairman of said meeting; that said meeting was tumultuous and riotous, and, when he attempted to present questions for the consideration of said meeting, that the said meeting

"broke. up in disorder and everybody was talking; and thereupon this affiant, as chairman of the meeting, called upon the sheriff of Garfield county and one Mr. Morgan, justice of the peace, to preserve order; and order not being obtained and the sheriff being present in person and with one deputy, the county superintendent of Garfield county, Okla., being present, and the state superintendent of public instruction of the state of Oklahoma being present, the affiant declared said meeting adjourned *sine die,* for the reason that no meeting could be held on account of the riotous condition of the members present; and that said meeting refused to permit the state superintendent of public instruction to make an address or talk, and that the same was riotous and disgraceful, and that a number of the electors in said district were not present for the reason that they feared that somebody would be hurt; that the same would wind up in a row, and that said meeting was the second attempt to hold a meeting in said

district, wherein the same broke up in a riot, the first meeting having been dismissed by the sheriff of Garfield county, Okla. Affiant further states that he himself and about sixty other members of said meeting immediately left said schoolhouse, and did not return to hold a meeting thereafter. Affiant states that as director of said school board he was willing and offered to hold a meeting to consider all of the propositions in their order as set forth in said call, but was prevented from holding said meeting in a proper manner by reason of the conduct of a great many attendants thereat, and that by reason of such conduct as chairman of said meeting he was compelled to declare said meeting adjourned *sine die.* * * * Affiant further states that no business was transacted at said meeting, and that no committee was appointed at said meeting authorized to displace the school board of said district in the matter of the litigation in which the district was interested, and affiant states, further, that no action was taken as set forth in an alleged copy of the minutes of the meeting held on said date, and attached to the motion herein filed, and at said place as presided over by this affiant and conducted by the duly authorized members of the school board of said district."

This affidavit is corroborated by Stephen A. Beck, who is also one of the plaintiffs in error, and who was clerk of said district and present at this special meeting, and attached thereto is a copy of the minutes of said meeting, as kept by himself, which is in words and figures following:

"Pursuant to a call signed by a majority of the legal voters of consolidated school district No. 2, Garfield county, Okla., the voters of said district met at their usual voting place at the schoolhouse September 23, 1911, at 2 o'clock p. m. E. E. Landis, director in the chair. S. A. Beck, clerk. Meeting called to order by the director. Motion to proceed with the business before the house before any speaking, and, if any speaking is to be done, for the speaking to come after the business. Motion that there be an amendment to the motion, and that Mr. Wilson, state superintendent of schools, be given the floor before the business is transacted, and that Mr. Wilson be limited to fifty minutes. The amendment was lost. Motion to proceed with the business before the house as stated in the call. Motion carried. Motion to amend the article 1, as stated in the call. The director ruled that no business could be transacted as business except what was specifically mentioned in the call. As an attempt was being made to amend the article one, and appeal from the decision of the

chair, the house broke up in disorder, and the director adjourned the meeting *sine die.* S. A. Beck, Clk."

There is also an affidavit from George Rainey, county superintendent of Garfield county, in which he states that, in company with Hon. R. H. Wilson, State Superintendent of Public Instruction, and Mr. Thomas W. Butcher, city superintendent of the Enid city schools, he attended a meeting in consolidated school district No. 2 of Garfield county on the 23d day of September, 1911; that said meeting was presided over by E. E. Landis, the acting director of said district; that Landis called the meeting to order, and stated that the meeting would now consider propositions set forth in the call; that C. M. Dizney arose in the audience and made a motion to amend the first proposition; that the chairman ruled the said motion out of order; that Dizney refused to abide by the ruling of the chair; that the meeting broke up in disorder; that no action was taken on the question of what disposition should be made of pending litigation, wherein the school district was a party. There is also an affidavit by Harry Landis, in which he admits that the meeting was called to order as above stated, and that it broke up in disorder, and that about sixty of the attendants left the said schoolhouse; also one by J. S. Landis, who states, in substance, the same as Harry Landis. This is all the proof submitted in support of the answer to the motion to dismiss.

In addition to the foregoing, and in the nature of a reply to the affidavits filed in support of the answer, the motion to dismiss is supported, and the affidavits in support of the answer are denied, by the affidavits of Ira L. Beeson, Geo. M. Dizney, E. Getz, R. M. Ridenour, F. M. Herrin, C. S. Danford, S. L. McCabe, J. B. Landrum, Joseph Zeleny, B. F. Beverlin, J. E. Batchelder, and Bismark Riley, in which they say in substance that the Exhibits A and B of said motion are true and correct, and, further, that the minutes of said special meeting as kept by Ira L. Beeson, chairman, and Raymond Ridenour, clerk, as attached to and made a part of said motion to dismiss, are true and correct, and, in addition thereto, they specifically state that the motion to appoint a committee of three with full power and au-

thority to dismiss the appeal now pending in the Supreme Court at the cost of the district was properly put and carried by a vote of 77 to 60. Affiants also further say that, after said motion was adopted and carried by the vote of 77 to 60, the minority of said meeting, which was led by E. E. Landis, director, and S. A. Beck, clerk, having discovered that they were in a minority, and unable to control said meeting, and after several motions to adjourn had been put and lost by about the same majority, as indicated in the above motion, without cause and without motion, the said E. E. Landis, as chairman of said meeting, arbitrarily and against the majority of the votes of said meeting, as expressed by their votes on the several motions to adjourn, and in order to defeat the purpose for which said special meeting had been called, and to thwart the will and authority of a majority of the legal voters of said meetings, adjourned said meeting by a mere formal announcement of said adjournment, and against the objections and protests, and several votes of said meeting. Affiants further say that a larger majority of the electors present at said meeting were at all times orderly and peaceable; that they had no reason to obstruct the purpose of said meeting, but simply desired to proceed in an orderly and regular manner to carry out the purpose of said meeting as indicated in the call; that the boisterous and riotous and disorderly proceedings referred to in the affidavits of E. E. Landis, S. A. Beck and others in support of defendants' objection to the motion to dismiss were brought about, made, and caused by the minority party in said meeting, and that said Landis as chairman, and Beck as secretary, acted with said minority and encouraged them in said riotous and disorderly conduct. Affiants further state that they were present and heard everything that was said and done by G. M. Dizney; that Dizney at no time moved or made any effort to amend the first proposition as set forth in said call for said meeting, or to amend the call in any manner whatever, but that said Dizney in a peaceable and orderly manner attempted to carry out the purpose for which the meeting was called; and that, in order to defeat the purpose of said meeting, the chairman, Landis, would rule out all orders and motions presented, and thus necessitated an appeal from his

rulings to the house, which said appeal was sustained in every case by a majority vote. Affiants further state that the affidavit of G. W. Rainey, wherein he says that he attended the said meeting in company with Hon. R. H. Wilson, State Superintendent of Public Instruction, and Mr. Thomas W. Butcher, city superintendent of the city schools of Enid, and that he arrived, in company with said parties, when said meeting was in session, is true so far as the strict letter of the statement is concerned; that the said Rainey, in company with those distinguished educators, appeared at said meeting by invitation, or by casual visit, or for the purpose or because of a high degree of proper interest in the educational necessity in that community, sought to be represented by inference, is a gross misrepresentation and deception; and that said Rainey attended said meeting, not by casual visit, or inadvertently for the purpose of education, but for the sole and only purpose of defeating and thwarting what he knew to be the desire, and what he knew to be the actual wishes, of a majority of the voters of said district, and that said Rainey enticed and inveigled the said Wilson and Butcher to attend said meeting without giving them any information as to the purpose thereof; and that said Wilson, on his arrival, ascertaining the purpose for which said meeting had been called, expressed himself without hesitation to a number present, as well as openly to the meeting, that in no case would he occupy the time of the meeting in addressing it, and, if he had known what he then discovered, he would not have attended the said meeting.

In addition to the above are also the affidavits of F. M. Herrin, Chas. S. Danford, and Robert Robb, deputy sheriff, all of whom say that the minority was attempting to delay and hinder the meeting, while the persons representing the majority were using every effort to carry on the business of said meeting in pursuance of the call, and that they appeared to be acting in good faith, and said deputy sheriff says that he had no occasion whatever to reprimand or threaten any members of the majority on account of their misconduct, and that in a conversation had with the County Superintendent Rainey a few days prior to said meeting, the said Rainey, in speaking of going to said meeting,

stated in an insinuating way and manner that he had known of political meetings being talked to death. This last statement is also corroborated by an affidavit signed by S. G. Sproat and several others; also, there is an affidavit by Ellsworth Hume, who stated that the minority were attempting to interfere with and break up the meeting; also one by J. B. Morgan, the justice of the peace, called for the purpose of preserving order, which is very lengthy, and gives what purports to be a complete history of the meeting, which corroborates the foregoing affidavits made in support of the motion to dismiss; also one by Bismark Riley, to the same effect, and one by S. L. McCabe, which goes, with great particularity, into all the details, the original petition calling the special meeting, the original minutes of the special meeting, the original motions as presented and adopted, together with the vote on each; also a supplemental affidavit of Ira L. Beeson and Raymond Ridenour, in which it is stated that Ira L. Beeson was elected chairman and Raymond Ridenour secretary after the said meeting had been adjourned by Landis, against the will and vote of a majority present, and stating, also, that the minutes as attached to the affidavit are true and correct, and were made in the presence of the electors then assembled, and that the number of voters named in said minutes voting for and against the proposition therein stated, respectively, are true and correct, together with the deposition of the clerk, S. A. Beck, in which he testifies that the notices for the special meeting were given by him as alleged in the motion. These and many other papers are presented in support of the motion to dismiss. Both parties by coming into this court with affidavits in support of their contentions, and without any objection to this method of proving the facts, have thereby relieved the court of the necessity of passing upon the propriety and competency of this character of proof, and we proceed with this investigation of the subject upon the theory that the same is satisfactory to all parties, and that there are no objections to be urged against such methods, and that all parties have filed all such proof as they desire.

We have thus quoted at length from the affidavits, depositions, and exhibits, both in support of and against the motion to

dismiss, in order that the real facts of and concerning the questions involved may be shown, and the relations of the various parties established. From the record, including admitted facts by both parties, we are warranted in concluding, and do find, that a good and sufficient petition, setting forth with precision and accuracy the objects desired, properly signed by more than a majority of the resident qualified electors of said district, requesting the regular clerk of said district to issue a call for said special meeting, had been presented to the said clerk; and, second, that, pursuant to the said request for a special school district meeting, legal and timely notice of the calling of the same was posted by the regular clerk and given as required by statute, the said meeting to be held at the schoolhouse in old district numbered 24 on September 23, 1911; and, third, that a majority of the qualified electors of the said school district were present at the said schoolhouse on said date at said special meeting; and, fourth, that E. E. Landis, director, and Stephen A. Beck, clerk of said consolidated district No. 2, were present at said special meeting, Landis presiding as chairman, and Beck officiating as clerk; and, fifth, that during the progress of the said special meeting it became apparent to Landis and Beck, and their followers who constituted a minority of the electors at said special meeting, that the objects as set forth in the call would be accomplished, and Landis thereupon, without just cause or excuse, arbitrarily attempted to adjourn the said special meeting, and he, together with Beck, the clerk, and a number of the electors there assembled, withdrew from said meeting, leaving the majority of said electors assembled in said schoolhouse; and, sixth, that thereupon a majority of the electors, then and there being lawfully assembled, and said meeting not having been adjourned, proceeded to, and did select, Ira L. Beeson as chairman and Raymond Ridenour as clerk, each of whom accepted said position and served in such capacity, and signed the minutes of the said meeting; and, seventh, that no business of any kind was transacted during the time Landis presided at said meeting; and, eighth, that during the time Beeson presided as chairman there was presented to said meeting a resolution as set forth in the call, which in ef-

fect provided that no appeal should be taken from the judgment of the district court of Garfield county in a case wherein Beeson was plaintiff and consolidated school district No. 2 *et al.*, were defendants, and, in case an appeal had been perfected and taken, that a committee of three be elected with full power and authority to appear for and on behalf of the district to dismiss said appeal in the Supreme Court, which said resolution was presented, voted upon, and declared carried by the chairman, there being 77 votes in the affirmative, and 60 in the negative; that immediately following the disposition of the above resolution another was introduced, to the effect that the school district board of consolidated district No. 2, and each member thereof, be instructed not to employ counsel for said district or appear in prosecution, or defense, of any suit in which the district is a party, unless specifically authorized so to do by a majority vote of the legal voters of the district, which said resolution was presented, put, voted upon, and carried, there being 69 votes in the affirmative, and none in the negative, and immediately after another resolution was presented, which, in effect, stated that, inasmuch as the litigation being carried on by the present board is against the wishes of a majority of the legal voters of consolidated district No. 2, they should hereby elect I. L. Beeson, Geo. M. Dizney, and Joe Zeleny as a committee, with full power and authority to appear for and in behalf of said district, instead of the present board, or any member thereof, in all litigation wherein said district is a party or may become a party, and said committee so elected was thereby authorized to take charge of, and dispose of, any and all litigation in which the district may be a party, and, if necessary, employ counsel for that purpose, which said resolution was put, voted upon, and carried by a vote of 69 in the affirmative and none in the negative; and, ninth, that said meeting thereupon adjourned in due form, and pursuant to the authority thereby given the said committee, composed of Dizney, Beeson, and Zeleny, employed the law firm of Robberts, Curran & Otjen to file said motion to dismiss said appeal, which was done.

The only question involved in the controversy at this time is the power of the qualified electors of a school district to meet

in special meeting, and instruct and direct the school district board to dismiss an action pending against the school district, or, as in this case, to dismiss an appeal taken by the school district board to the Supreme Court over the objections of the regularly elected, qualified, and acting members of the school district board.

Section 8172, Comp. Laws 1909, concerning consolidated school districts, reads as follows:

"The powers and duties of the district board herein provided and of its several officers shall be the same as those provided by law for school district boards, and their several officers. * * *"

Section 8176 reads:

"In all matters relating to consolidated school districts not provided for in this act, the law relating to school districts shall be enforced where said laws are applicable."

There being no special law governing this subject especially applicable to consolidated school districts, therefore the general law as applicable to school districts and school district officers is applicable.

Section 8056, Comp. Laws 1909, defining the powers of school district meetings, reads as follows:

" * * * Sixth. To give such directions and make such provisions as may be deemed necessary in relation to the prosecutions or defense of any suit or proceeding in which the district may be made a party."

And section 8085, defining the powers and duties of school district officers, reads as follows:

"The directors of each district shall preside at all district meetings and shall sign all orders drawn by the clerk, authorized by district meeting, or by the district board, upon the treasurer of the district for moneys collected or received by him to be disbursed therein. He shall appear for and on behalf of the district, in all suits brought by or against the district, *unless other directions shall be given by the voters of the district, at a district meeting.*"

In *Moore v. School District No. 71 of Oklahoma County*, 11 Okla. 332, 66 Pac. 279, the Supreme Court of the territory in construing the foregoing section said:

"The director of a school district is authorized to appear for and on behalf of the district in all suits brought by or against

the district *unless other directions shall be given by the voters of such district at a special meeting.*  *  *  * The director was not authorized to confess judgment for the school district in this case.  It is true that the statute authorizes the director to appear for and on behalf of the district in all suits brought by or against the district, unless other directions shall be given by the voters of such district at a district meeting.  But this provision of our statute does not authorize the director to confess judgment for the school district, and such confession is absolutely void unless authorized by the board.  No such authority was given in this case.  On the contrary, the record shows that the treasurer and clerk were authorized by the voters of the district at a regular meeting to appear for and on behalf of the district in any suit brought against it."

To our minds this is conclusive of the question involved in this motion; for without doubt the qualified electors of consolidated district No. 2 had the power under the statute to meet in a special meeting, pursuant to call, properly made, and to transact such lawful business as was enumerated in the call.  The facts in the case show beyond any question that Landis and his partisans were in the minority at the special meeting, and, as soon as this fact was ascertained by him, he attempted to adjourn the meeting *sine die,* without the formality of a motion or a vote.  A majority of the qualified electors of the district were opposed to the adjournment, and the evidence shows beyond question that the majority conducted themselves in an orderly and peaceable manner, and that all the disturbance originated with, and was occasioned by, the minority party, headed by Landis and Beck. After Landis and his followers had left the house, the majority, still remaining, as they had a right to do, proceeded with the business of the meeting, and in the absence of the director, whose duty was to preside as chairman, they had the inherent power to select one, which they did, also a clerk; and this chairman and the clerk had as full and complete authority to preside and perform the duties of their office, which included the writing up and the signing of the proceedings of said meeting, as though Landis, the director, and Beck, the clerk, had stayed and performed the same.  To permit such highhanded proceedings, as characterized the conduct of Landis and Beck, to prevent the

meeting from performing the lawful purposes and objects for which it was called, would be to deprive the majority of the qualified electors of said district of their substantial rights, to nullify the plain provisions of the statute, and to work a great injustice upon the district; that a school district meeting, under the statute, has the power to give such directions, and to make such provisions as may be deemed necessary in relation to the prosecution or defense of any suit, or proceedings, in which the district may be a party will be admitted, we think, by all fair-minded people without argument. To deny them this right would in many instances permit an officious minority to conduct the business of the district in a manner unsatisfactory and detrimental to the interests of the people of the district, which is not the policy of our law governing school districts. Before the electors of a district can do this, however, they must comply with the provisions of the statute in such case made and provided. In the case at bar this had been done and it is admitted by all that a special meeting was regularly called, and that there was more than a majority of the qualified electors present at said meeting. There is no dispute as to the objects and purposes of the call, nor is there, in our minds, any question as to the regularity of the proceedings had and done, nor of the truthfulness of the record as certified by Beeson and Ridenour. Everything was done in a regular and orderly manner. The meeting, under the statute, had jurisdiction of the subjects mentioned in the call, and it became the duty of the members of the board of directors to carry out the wishes of the district as expressed, and, on failure and refusal so to do, the district had the undoubted right to name a committee and to empower such committee to enforce the wishes of the said district as expressed at said meeting. In this case the board has at all times shown a disposition to ignore the requests of a majority of the electors of said district in the matter under consideration, and under the provisions of the statute cited, and the proof adduced, it becomes the duty of this court to recognize the rights of the majority, lawfully expressed, and to enforce their rights as against what now appears to be an unwarranted and arbitrary assumption of authority on the part of the members

of the school district board, who never at any time were more than the mere agents of the school district, clothed with the power of carrying out the wishes of the electors, as expressed at a lawful meeting, such as this was, and, in the absence of such directions, to exercise as representatives of such electors the discretion which would therefore be necessarily vested in them by virtue of their said office.

As to the contention of counsel for the school board that the district is but the nominal party in interest, and that the members of the school district board are the real parties in interest, we have no sympathy. The district was sued, and the various members of the board were specifically designated in all the papers as officers of the district, not as individuals. They were necessary parties, perhaps, because they were the designated agents of the district. It was the district that was enjoined from selling the old houses and from organizing a graded school, not the individuals who happened to fill the offices of the district. See *Gilmore v. Fox*, 10 Kan. 509; *Hays v. Hill*, 17 Kan. 360; *Voss v. School District*, 18 Kan. 471; 30 Cyc. 40.

The school district, being the real party in interest, undoubtedly has the right to control, not only the lawsuit, but the officers in the manner of conducting it.

For the foregoing reasons, the motion to dismiss this appeal should be sustained.

By the Court: It is so ordered.

All the Justices concur.