## WORRELL v. LANDIS *et al.*

No. 3594.   Opinion Filed July 7, 1914.

(141 Pac. 962.)

JUDGMENT—Res Judicata—Schools and School Districts. Where one taxpaying resident of a consolidated school district sues the officers thereof and secures an order restraining them from moving or disposing of the schoolhouses in the separate districts from which the consolidated district was formed, and directing them to hire teachers and maintain schools in each of the separate districts until the further order of said court, and an appeal is perfected from such judgment to this court, and afterwards, upon authority of a majority of the electors of the consolidated district, the appeal is dismissed, and such judgment becomes final, *held*, that in another suit against those officers commenced in the superior court of said county by another taxpaying resident of the district seeking to restrain them from maintaining schools in the separate schoolhouses, an answer filed by the officers of the consolidated district setting up the former judgment of the district court states a good defense, and a general demurrer thereto was properly overruled.

(Syllabus by Galbraith C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by L. F. Worrell against the officers of the Consolidated School District No. 2 of Garfield County, Okla. Judgment for the defendants, and plaintiff brings error. Affirmed.

*H. J. Sturgis* and *McKeever & Walker,* for plaintiff in error.

*Robberts, Curran & Otjen,* for defendants in error.

Opinion by GALBRAITH, C.   This is one of a number of lawsuits growing out of the organization of consolidated school district No. 2 of Garfield county, which was created out of school

districts Nos. 1, 2, 23, and 24, of that county. See *Consolidated School District No. 2 v. Beeson et al.*, 30 Okla. 802, 120 Pac. 643 ; *Board of Commissioners of Garfield County v. Worrell*, 33 Okla. 390, 120 Pac. 785. This action was instituted by the plaintiff in error, alleging that he was a resident taxpayer of said consolidated school district, and that the defendants, as officers thereof, were about to expend the funds of said district illegally and contrary to law, and were about to draw the funds of said district from the treasury thereof, and to dissipate the same in hiring teachers and paying the expenses of maintaining schools in the four separate districts out of which the consolidated district was formed, and that, unless restrained by order of court from so doing, the defendants as such officers would maintain the schools in the separate districts, and would not maintain the graded school in the consolidated district as provided by law. A temporary restraining order was issued. The defendants, the officers of said district, filed an amended answer, wherein they set out as a defense the judgment rendered by the district court of Garfield county in the suit of *Consolidated School District No. 2 v. Beeson*, 30 Okla. 802, 120 Pac. 643, as a former adjudication of the questions involved in this action, and claiming that such judgment was a bar to the maintenance of the present action. To this amended answer the plaintiff interposed a general demurrer, which was by the court overruled, and filed a motion for a permanent injunction on the pleadings, which was denied. The plaintiff, electing to stand upon his demurrer and motion, refused to plead further, and the court entered judgment dismissing the action and assessing the costs against the plaintiff. To review this judgment the plaintiff has prosecuted an appeal to this court.

One assignment of error is urged, and that is that the court erred in overruling the demurrer and denying the motion for a permanent injunction.

For a full and complete statement of the issues involved and adjudicated in the former suit, reference is made to 30 Okla. 803-819, 120 Pac. 643.

We do not feel justified in entering into an extended discussion of those issues and the matters adjudicated in that suit, since

a reading of that opinion, it appears to us, clearly demonstrates that in the district court judgment the defendants as officers of the consolidated district were commanded to do the very thing which it is sought to restrain them from doing in this suit; namely, maintain school in the four separate schoolhouses until the further order of that court. While the plaintiffs in the two suits are different persons, they each sustain the same relation to the defendants and the subject-matter of the suit, each being a resident taxpayer of the district, so that the parties in the two suits are practically the same. The district court judgment set out in the answer as a defense to the present suit has become final, and the rights therein adjudicated settled. One of the rights settled by that judgment was that the defendants as officers of the consolidated district should maintain the school in the four separate districts until the further order of the district court of Garfield county. The superior court of Garfield county had no lawful authority to review, set aside, or overrule that judgment. Nor could that judgment be attacked collaterally in the superior court, as was attempted in this suit. The superior court and the district court are courts of co-ordinate jurisdiction; one is not given the right to review the judgment of the other. The trial court was right in overruling the demurrer to the answer, since it set up a good defense to the cause of action and a complete bar thereto. The court was also right in denying the motion for a perpetual injunction.

In view of the elaborate opinion prepared and published in the appeal from the district court judgment, and the detailed history of the litigation and the fullness of the statement of the issues involved in the lawsuit set out therein, we think that the assignments of error urged in this appeal may be speedily disposed of as above indicated. It appears to us that, in the interest of the school children and the taxpayers, if not of the public welfare, the litigation over the organization of this school district should be brought to an end.

The judgment appealed from should be affirmed.

By the Court: It is so ordered.