ANDREW L. MOORE v. SCHOOL DISTRICT No. 71 OF OKLAHOMA
COUNTY, O. T.

(Filed September 5, 1901.)

1. **SCHOOL DIRECTORS—May not Confess Judgment.** The director
   of a school district is authorized to appear for and on behalf of the
   district, in all suits brought by or against the district, unless other
   directions shall be given by the voters of such district at a district
   meeting. But, this provision of our statute does not authorize the
   director to confess judgment for the school district; and such con-
   fession, unless authorized by the board, is void.

2. **MOTION TO VACATE—Judgment Sustained, When.** This was an
   action brought on the 22nd day of October, 1900, in the probate
   court of Oklahoma county, against school district No. 71, to recover
   the sum of $405, which the plaintiff claimed was due for the
   erection of a school house. On the same day the director who as-
   sumed to act for the school district entered an appearance for the
   district, and confessed judgment in favor of the plaintiff for the
   full amount of plaintiff's claim. On November 24, 1900, the treasurer
   and clerk of said district appeared before the probate court and
   filed a petition for new trial, alleging want of authority in the
   director to confess judgment; that by action of the electors at a
   regularly called meeting all authority had been taken from the
   director to appear for said district, and vested in the treasurer:
   that the director had full knowledge of the fact; that said judg-
   ment of confession was obtained by fraud and collusion between
   the plaintiff and the director, and that the district was in no man-
   ner indebted to the plaintiff. This petition was duly verified, and
   summons issued therein, setting the hearing on said petition for
   December 19, 1900. On November 30, 1900, said district, acting
   through its treasurer and clerk, also filed in the probate court a
   motion to set aside and vacate said judgment, and served notice on
   plaintiff's counsel that said motion would be heard by the probate
   court on December 19, 1900, being the same day for which the
   hearing on the petition for new trial had already been set. The
   motion to vacate the judgment was based on the ground that said
   judgment was obtained on the ground of irregularity and fraud, as
   set forth in the verified petition for new trial. Held, That the mo-
   tion to set aside and vacate the judgment of the probate court was
   properly sustained.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before
J. P. Allen, Probate Judge.*

Lane & Webb, for plaintiff in error.

J. L. Brown and J. S. Jenkins, for defendant in error.

Opinion of the court by

Hainer, J.: This is an action brought on the 22nd day of October, 1900, in the probate court of Oklahoma county, against school district No. 71, to recover the sum of $405 which the plaintiff claims is due him for the erection of a school house.    On the same day that suit was filed J. V. Lacey, who was a director, and assumed to act for the school district, waived the issuance of a summons, entered an appearance for the school district, and confessed judgment in favor of the plaintiff for the full amount of plaintiff's claim.    On November 24, 1900, the treasurer and clerk of said district appeared before the probate court and filed a petition for a new trial, alleging want of authority in the director to confess judgment; that by action of the electors all authority had been taken from the director to appear for said district, and had been vested in the treasurer; that said judgment of confession was obtained by collusion between the plaintiff and director, and that the district was in no manner indebted to the plaintiff.    This petition was duly verified, and a summons issued thereon setting the hearing on said petition for December 19, 1900. On November 30, 1900, said district, acting through its treasurer and clerk, also filed in the probate court a motion to set aside said judgment, and served notice on plaintiff's counsel that said motion would be heard by the probate court on December 19, 1900, being the same day for which

the hearing on the petition for new trial had already been set. The motion to vacate the judgment was based on the ground that said judgment was obtained on the ground of irregularity and fraud, as set forth in the verified petition for new trial. On the day fixed for the hearing of the petition and motion the plaintiff appeared and filed a motion and affidavit to quash the summons issued on the petition for new trial. The court sustained the plaintiff's motion to quash the summons, and also sustained the motion of the defendant to vacate the judgment rendered in favor of the school district on confession, by the director who assumed to act for the school district. From this order vacating the judgment, the plaintiff brings the case here on error.

We are clearly of the opinion that the motion to set aside and vacate the judgment of the probate court was properly sustained. The director was not authorized to confess judgment for the school district in this case. It is true that the statute authorizes the director to appear for and on behalf of the district in all suits brought by or against the directors unless other directions shall be given by the voters of such district at a district meeting. But, this provision of our statute does not authorize the director to confess judgment for the school district, and such confession is absolutely void, unless authorized by the board. No such authority was given in this case. On the contrary, the record shows the treasurer and clerk were authorized by the voters of the district at a regular meeting to appear for and on behalf of the district in any suit brought against it. That the court had the power and authority to vacate its judgment upon such a showing is too well settled upon

principle and authority to require any citation of authorities. There is absolutely no merit in the contention of the plaintiff in error.

The judgment of the probate court is, therefore, affirmed, at the cost of the plaintiff in error.

All of the Justices concurring.