INTER-URBAN CONST. CO. et al. v. INDUSTRIAL COMMISSION et al.

No. 3643.   Decided June 11, 1921.   (199 Pac. 157.)

1.   MASTER AND SERVANT—EVIDENCE HELD TO SHOW NO DEPENDENTS ENTITLED TO COMPENSATION.   Where no claim had been made for compensation for an employee's death, although over three years had elapsed and no relatives were present at his funeral and no inquiries had been made concerning him, *held* that, in view of Comp. Laws 1917, §§ 3149, 6468, the Industrial Commission were warranted in finding there were no dependents.[1]

2.   MASTER AND SERVANT—COMPENSATION CLAIM HELD BARRED. Where claim of the state insurance fund for payment of the

[1] *Utah Con. Min. Co.* v. *Industrial Commission,* 57 Utah 279, 194 Pac. 657.

$750 required under Comp. Laws 1917, § 3140, subd. 1, from an employer not insured in the state insurance fund in case of accidental death of an employee leaving no dependents was not presented within one year after the death, as required by section 6468, subd. 1, it was barred.[2]

Proceedings under the Workmen's Compensation Law by the Industrial Commission in connection with the death of William Q. Lindsay, employee, opposed by Inter-Urban Construction Company, employer, and the Ocean Accident & Guarantee Corporation, Limited, insurance carrier. An award was made requiring payment into the state insurance fund, and the employer and insurance carrier bring certiorari.

ORDER VACATED and set aside.

*James H. Wolfe,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *John Robert Robinson,* Asst. Atty. Gen., for defendants.

CORFMAN, C. J.

On August 2, 1917, William Q. Lindsay was killed at Pleasant Green, Utah, in an accident arising out of or in the course of his employment with the plaintiff Inter-Urban Construction Company, for whom the plaintiff the Ocean Accident & Guarantee Corporation, Limited, was the insurance carrier under our Industrial Act.

On February 7, 1921, the Industrial Commission held a hearing upon the application of the state insurance fund to determine whether or not there were any dependents of the said William Q. Lindsay, and if not, whether, under Comp. Laws Utah 1917, § 3140, subd. 1, the employer, Inter-Urban Construction Company, or its said insurance carrier should

[2] *Utah Con. Min. Co.* v. *Industrial Commission,* 57 Utah 279, 194 Pac. 657.

312        SUPREME COURT OF UTAH        [June

Inter-Urban Const. Co. v. Ind. Com., 58 Utah 310

pay into the state insurance fund the sum of $750 as in said act provided for in the absence of any dependents.

After said hearing the Commission made a finding under date of February 9, 1921, that there were no dependents, and decreed that the plaintiffs should pay into the state insurance fund the sum of $750. On February 28, 1921, the plaintiffs petitioned for a rehearing before the Commission, which was on March 16, 1921, denied. Thereupon the plaintiffs in the usual way provided for by our statutes brought the said orders of the Commission to this court for review.

They assert that the said order of the Commission requiring payment of $750 into the state insurance fund was outside the powers of the Commission, therefore illegal, for the following reasons: (1) That the said statute requiring payment of $750 into the state insurance fund is unconstitutional in that: (a) It denies the plaintiffs the equal protection of the law; (b) is a taking of property without due process of law. (2) There was no evidence to support the finding of the Commission that there are no dependents. (3) The statutes of limitations had run against the claim of the state insurance fund if any such claim ever legally existed.

The question raised by the plaintiffs as to the constitutionality of the statute under which the Commission acted in ordering the payment of the $750 have been passed upon and determined by this court in the very recently written opinion of Mr. Justice Thurman in the case of *Salt Lake City* v. *Industrial Com.*, 58 Utah 314, 199 Pac. 152. Although the present case had its origin in 1917, before, and the Salt Lake City case after, the statute was amended in 1919 (Laws 1919, c. 63), what is there said with respect to the constitutionality of the statute applies with equal force here and is controlling. We therefore must hold in the present case that the contention of the plaintiffs that the statute was violative of organic law has not been sustained.

Nor can we agree with the plaintiffs' contention that the evidence was insufficient to justify the Commission's finding that there are no dependents.

In the case of *Utah Con. Min. Co.* v. *Industrial Commis-*

*sion,* 57 Utah 279, 194 Pac. 657, we held that, if there were claimants, they should present their claims for compensation to the Commission within one year after the accident, or otherwise they would be barred by the statute of limitations. Comp. Laws Utah 1917, § 6468. In the present case the deceased met his death by accident, as pointed out, August 2, 1917. No claimants appeared, nor were any proceedings commenced by dependents or otherwise until the hearing in question was had before the Commission in February, 1921. The fact being established that there were no dependent claimants within one year, we think the Commission might justly infer, as they did, that there were none. It should be kept in mind that the Commission has great latitude for the purpose of arriving at questions of fact. Comp. Laws Utah 1917, § 3149, provides:

"The Commission shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this title."

While no witnesses appeared at the hearing to testify that there were no dependents, it did appear that over three years had elapsed since the death of William Q. Lindsay, and that no application for compensation had been made during that time, that no relatives were present at his funeral, and that no inquiries had been made concerning him. Under these circumstances we think the only just inference that could be drawn by the Commission was that there are no dependents, and that the Commission was warranted in finding the fact accordingly. *In re Sanderson,* 224 Mass. 558, 113 N. E. 355; *Mailman* v. *Record Foundry Machine Co.,* 118 Me. 172, 106 Atl. 606; *Papinaw* v. *Grand Trunk Ry. Co.,* 189 Mich. 441, 155 N. W. 545.

The contention is further made by the plaintiffs that the order of the Commission requiring payment of the $750 into the state insurance fund was unlawful for the reason that the statute of limitations had run because of the claim on behalf of the insurance fund not having been presented within one

year after the death of the employee. Under the provisions of our statute, Comp. Laws Utah 1917, § 6468, subd. 1, and the rulings of this court in *Utah Min. Co.* v. *Industrial Commission,* supra, this contention must be sustained.

Therefore the order of the Industrial Commission of Utah herein is vacated and set aside.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.