**SOMMERS et al. v. HEINY et al.**

No. 18292. Opinion Filed June 26, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Limitation of Actions—Vacation in District Court of Justice Court Judgment Rendered Without Service or Actual Notice—Time for Action to Vacate.**

In a suit in the district court to vacate a judgment of a justice court by a party against whom such judgment has been rendered without notice, either by service of summons or otherwise, the time relied on to bar such action to vacate must be computed under section 185, C. O. S. 1921, subsection 3, from the time of the discovery of

such judgment rather than from the date of rendition thereof.

**2. Limitation of Actions—Petition Demurrable Where Bar of Action Shown on Its Face.**

When a petition shows on its face that the cause of action declared upon is barred by the statute of limitation, the trial court commits no error when it sustains a demurrer thereto.

**3. Same—Judgment Sustaining Demurrer to Petition to Vacate Judgment Affirmed.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by W. N. Sommers and another against Tom Heiny and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

Max M. Fagin and Charles B. Selby, for plaintiffs in error.

Robert W. Maupin, for defendants in error.

HEFNER, J.    This case presents an appeal from the ruling of the trial court in sustaining a demurrer of the defendant Tom Heiny to the petition and amendment thereto of the plaintiffs. The cause was instituted by the plaintiffs, W. N. Sommers et al., in the district court of Oklahoma county on February 2, 1927, against the defendants Tom Heiny and George H. Giddings, Jr., a justice of the peace, to vacate and enjoin the enforcement of a judgment of a justice of the peace.

The judgment complained of was rendered by the justice of the peace on the 7th day of June, 1923, in an action pending in the justice court.    Plaintiffs allege that on or about the 17th day of December, 1923, plaintiff W. N. Sommers filed in the district court of Oklahoma county a cause entitled "W. N. Sommers, Plaintiff, v. Tom Heiny and Walter Benson.    Defendants," alleging that said plaintiff had for the first time on December 17, 1923, learned of said judgment complained of, alleged its invalidity, and prayed a decree setting the same aside.    That cause has never proceeded to trial, and, so far as the record herein discloses, is still pending in the district court.    Some of the defendants. under the allegations in the petition have never been served.

The instant case was filed in the district court of Oklahoma county on the 2nd day of February, 1927, more than three years after the time plaintiff alleges he knew of the justice court judgment.    This is a suit in the district court to vacate a judgment of a justice court by a party against whom such judgment has been rendered without notice, either by service of summons or otherwise, and the time relied on to bar such action to vacate must be computed under section 185, C. O. S. 1921, subsection 3, from the time of the discovery of such judgment rather than from the date of rendition thereof.

Under the allegations of this petition, the plaintiffs knew of the judgment in December, 1923, and did not file this cause of action until more than three years thereafter.    These being the facts, the cause of action is barred by the statute of limitation, and inasmuch as the facts all appeared on the face of the petition, the trial court committed no error in sustaining a demurrer thereto.

The judgment of the trial court is therefore affirmed .

LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 258, §487. (2) 37 C. J. p. 1205, §708; 17 R. C. L. p. 994.    (3) 4 C. J. p. 1129, §3122.