## EXCHANGE TRUST CO., Ex'r, et al. v DAVIS.

No. 20834. Opinion Filed July 6, 1932.

Rehearing Denied Dec. 27, 1932.

Hunter L. Johnson, Benjamin C. Conner, and Joe Chambers, for plaintiffs in error.

William F. Tucker, Hulette F. Aby, and William H. Martin, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the lower court in setting aside a decree of divorce at the instance of the defendant herein, the order complained of being as follows:

"On the 26th day of November, 1928, there came on for hearing the motion of the defendant, Floy S. Davis, to vacate, set aside and hold for naught a certain purported judgment and decree entered herein on the 19th day of July, 1915, purporting to dissolve the relationship of husband and wife existing between the above-named plaintiff, Mark E. Davis, and the above-named defendant, Floy S. Davis, and the response to such motion filed herein by the Exchange Trust Company, a corporation, executor of the estate of Mark E. Davis, deceased, and the Tulsa Boys' Home; and it appearing to the court and the court finding that Mark E. Davis, plaintiff above named, died prior to the filing of said motion, leaving an estate of real and personal property, and that the executor of the estate of Mark E. Davis, deceased, and each of the heirs and devisees of the said Mark E. Davis, deceased, were notified of the hearing upon said motion in the manner described in the order of this court made on the 16th day of April, 1928, in that behalf; and the defendant and movant, Floy S. Davis appeared specially and for the purpose of such motion only by her attorneys Aby & Tucker and the respondent, Exchange Trust Company, a corporation, executor of the estate of Mark E. Davis, deceased, appeared by its attorneys, Joe Chambers and B. C. Conner, and the respondent, Tulsa Boys' Home, appeared by its attorney, B. C. Conner. And, the court having heard the evidence and argument of counsel, takes said cause under advisement; and,

"Now, on this 30th day of April, 1929, the court, having been fully advised in the premises, reads in open court a memorandum, incorporating in part his views and opinions for the benefit of counsel, which memorandum is as follows:

" 'The court finds that the envelope addressed and mailed to the defendant Floy S. Davis at Ben Avon, Pittsburgh, Pa., mentioned in the proof of service in the judgment roll, did not contain a true copy of the petition filed in this case as recited in said affidavit of proof of service; that said recited copy enclosed therein was not signed; that the same did not have the number of the cause of action; that the same did not have in it the words "Ben Avon. Pittsburgh, Pa." after the allegation giving the last-known post-office address of said defendant, as recited in the original petition; that none of the blanks are filled in; that the carbon copy recites "Subscribed and sworn to before me this ___ day of December, 1914," wherein the original petition shows a line drawn through the typewritten word "December," and the word "24th of May, 1915," written over the word "December;" that the seal of the notary is lacking in said carbon copy.

" 'An inspection of the original and said copy enclosed is persuasive on the court to conclude that the petition was actually prepared for filing on the ____ day of December, 1914, while the record shows it was not filed until May 24, 1915; nor was the copy of the publication actually attached to said copy of the petition so enclosed.

" 'The court finds that the requirements of the statutes 503, C. O. S. 1921, in force at that time, in mailing a copy of the peti-

tion, with a copy of the publication notice attached thereto, in an envelope addressed to the defendant at his or her place of residence, postage paid, etc., are conditions precedent and indispensable as any other step in obtaining substituted service on the defendant.

"'That the default could not be legally entered without service on the defendant in the mode prescribed by statute.

"'The court is of the opinion that a true copy of the petition is a matter of substance, and the omission of the parts in this case is a fundamental part of the petition filed.

"'The court is of the opinion that "at his or her place of residence or business" is a matter of fact, and that an envelope addressed to the defendant Floy S. Davis at her last known post office address, namely Ben Avon, Pittsburgh, Pa., if sought to comply with the statute, is done so at the peril of the plaintiff and that it does not mean her last address known to the plaintiff, but plaintiff is required to ascertain at his peril the last-known address of the defendant as a matter of fact. That the last-known place of residence or most office address of the defendant may have been one year or many years since plaintiff was known to reside at said address. On this question no light is afforded.

"'The court finds that the question of estoppel does not apply in this case, and concludes that failure to enclose a copy of the petition with a copy of the publication notice attached thereto in said envelope, to the defendant, at her place of residence, instead of the last-known post office address of said defendant, are precedent indispensable steps in the plan of substituted service; that the courts have no authority to ignore such plain provisions of the statute; that these provisions are mandatory and essential in obtaining jurisdiction over the defendant. That these are legislative enactments and were enacted to be observed by litigants and courts, and by reason thereof the defendant has not had her day in court, and the judgment heretofore rendered herein is null and void, and the motion of the defendant Floy S. Davis to vacate the judgment and decree of divorce entered herein on the 19th day of July, 1915, should be and is hereby sustained.'

"And the court further finding:

"'That the purported judgment and decree entered herein on the 19th day of July, 1915, was made and entered by the court without jurisdiction and is void, and that the defendant, Floy S. Davis, is not estopped from asserting its invalidity, and that the motion of the defendant, Floy S. Davis, to vacate such judgment, made upon special appearance, and for that purpose only, should be sustained.

"'It is, therefore, ordered, adjudged, and decreed that the motion of the defendant, Floy S. Davis, to vacate the purported judgment and decree of divorce entered herein on the 19th day of July, 1915, be and the same is hereby sustained and that the purported judgment and decree of divorce entered herein on the 19th day of July, 1915, be and the same is hereby adjudged void and is vacated, set aside, and held for naught. To which judgment and findings the respondents, Exhange Trust Company, a corporation, as executor of the estate of Mark E. Davis, deceased, and the Tulsa Boys' Home, then and there duly excepted and gave notice in open court, of their intention to appeal to the Supreme Court of the state of Oklahoma, and requested the court to direct the clerk of this court to make proper entry upon the records of this court of such notice of appeal, and it is so ordered by the court; and, thereupon, for good cause shown, the respondents were allowed 30 days from this date within which to prepare and serve case-made, and the movant, Floy S. Davis, was given ten days thereafter within which to suggest amendments thereto; such case-made to be settled upon five days notice in writing by either party.'"

At every stage of the proceedings, the granting of this order was contested by the executor of the will of the original plaintiff in the divorce case, and it is properly brought here for review. A great many assignments of error are made, but we do not care to consider them in detail, as the question is whether the lower court was justified in setting aside the judgment of its predecessor, entered some 13 years ago, in a divorce action. On the face of the proceedings, the judgment was valid.

The record in the original case has been brought into the case-made. The attorney who conducted the proceeding does not appear to have been called to give testimony, and the records themselves were introduced. The petition is short, and after giving the style of the case, wherein Mark E. Davis is plaintiff and Floy S. Davis is defendant, it avers the residence of the plaintiff for more than a year in Tulsa, Okla., before filing a suit for divorce. It further appears therefrom than on the 28th of June, 1906, the parties were married in Pittsburgh, Pa., and lived together as man and wife until August 15, 1907, at which time it is alleged that the defendant without just cause or provocation, willfully, wantonly, and grossly neglected and abandoned plaintiff. It further averred that the defendant had remained away from plaintiff for more than a year before the filing of the petition with-

out just cause and against the will of the plaintiff, and that the last-known post-office address of the defendant was Ben Avon, Pittsburgh, Pa., and that the present post-office address and residence of the defendant was unknown to the plaintiff. Prayer was for a divorce and a dissolution of the marriage and all other relief as may be just and proper. This petition apparently was signed by the petitioner himself. It was verified by the petitioner, and in the verification we find the following:

"That he has read the above and foregoing petition and that the matters and things set forth therein are true."

Proper publication service was had, and the judgment roll shows a proper entry of judgment granting the divorce.

On the trial of the application to set aside, the applicant appeared and gave testimony, apparently without objection, after various motions had been made in resistance to the application to set aside, and some letters that had passed between the original plaintiff and the original defendant were introduced, and some places that the defendant had gone to during the time of the separation and up to the time of filing the application after the death of the plaintiff, were detailed, as well as her various applications for passports, and her statements as to her status from and after the time of the divorce.

It is very clear from the evidence that in the year 1918, the defendant came into possession of a copy of the divorce decree, and that never after that time did she recognize in her correspondence with the plaintiff in the divorce case that the relation of husband and wife existed between them. Under these conditions, we have a case showing on its face that under our law the divorce decree was valid, and that with the testimony that the court had at the time it rendered the decree, it was authorized to render the divorce. It being a divorce case, the dissolution of status was the matter before the court. That status undoubtedly was brought before the court in a legal way, when the plaintiff, having been a resident for over a year of Tulsa county, came into court and pleaded the marriage relationship and asked for the dissolution. In accordance with the statute, there was a publication for the defendant as being a nonresident, which was true.

We do not think our statute contemplates the setting aside of divorce decrees lightly, even as between the parties to the relation, and while perhaps there are cases where the courts have entertained the setting aside of a divorce decree after the death of a person getting it, arising largely out of fraud practiced on court and consort, yet the doctrine should not be extended, and is not appropriate to the facts developed in this case.

The case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681, apparently reviews all the cases, and if not all, a sufficient number that it can be referred to as authoritative. Under that decision the judgment in divorce that we have here before us was good on its face, including the judgment roll. Clearly, instead of being invalid on its face, it was valid, and it was so recognized by the court below, apparently, from the ground that the decision is put upon by the judge in giving his view of the matter, which is incorporated into the record.

It is clear that the lower court set aside the judgment because of the mistaken view of the effect of what the judge discovered, when he opened the envelope that had been filed as an evidence of good faith, apparently, by the attorney who prepared the original proceedings. This testimony, under Pettis v. Johnston, would not appear to have rendered the service bad, and laying aside the finding that the petition was not an exact copy of the petition that was filed, the language of the court indicates that there was very little for the defendant in error to rely upon. We do not think that the defects pointed out are sufficient to invalidate the service or the decree, in a divorce case, where apparently there was no fraud, and where the defendant therein had known of and recognized the validity of the divorce for years.

We are unable to say in the present case that the substantial rights of the defendant in error were affected because the petition, that was enclosed in the envelope, did not have the signature of the attorney on it, in view of the fact that it was not received, and it was not necessary to make proof that it was received by the defendant, or by the fact that the post-office address was not given therein, and we think that under the law the judgment in the divorce case should not have been interfered with, and the action of the lower court in so doing should be set aside, and it is so ordered, and the original judgment is ordered restored, and the cost of the proceeding in the lower court and in this court will be taxed to the defendant in error.

RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. McNEILL, J., disqualified. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.