## MILLER v. INDEPENDENT SCHOOL DISTRICT NO. 16, KINGFISHER COUNTY.

No. 25461.   March 12, 1935.

T. R. Blaine, for plaintiff in error.

Louis A. Reilly, for defendant in error.

WELCH, J. Plaintiff brought suit on September 12, 1930, to recover on seven refunding bonds issued by the defendant school district in 1905. The bonds matured on dates ranging between January 1, 1916, to January 1, 1924. The defendant as its defense pleaded the statute of limitations. The trial resulted in a judgment for the defendant, and plaintiff has appealed.

The applicable provision of the statute is found in section 101, O. S. 1931. The action must be brought within five years after the cause of action accrued, or it is barred by the statute. A claim against the state or a municipal subdivision thereof is subject to the same statute of limitations as would apply in the case of the same character of claim against a private individual. McRae v. Auditor General (Mich.) 109 N. W. 1122.

The controversy here centers upon the question as to when the statute commences to run. This court has repeatedly held that the statute of limitations begins to run when the cause of action accrues. Neff v. Willmott, Roberts & Looney, 170 Okla. 450, 41 P. (2d) 86.

It is plaintiff's contention here that the statute of limitations did not begin to run in favor of the school district until such school district had provided funds for the payment of the bonds, and that no such provision of funds was made. It is the defendant's contention that the statute of limitations commenced to run upon the due dates of the bonds, but that, even if the plaintiff's contention as to the law is correct, the evidence introduced upon the trial is sufficient to sustain the finding of the trial court that the school district did provide funds for the purpose of retiring the bonds.

The plaintiff cites and relies upon several decisions of this court, and other courts, announcing and following the general rule that the statute of limitations does not begin to run as to actions on municipal obligations until the fund is provided or is sufficient and available for their payment. This is the rule as to municipal warrants issued against and to be paid out of a particular fund fixed by law or designated upon the warrant. And as to such obligation, it has been held the statute of limitations does not begin to run until the fund is available, or it becomes apparent that such fund cannot be provided for payment in the usual manner.

In some jurisdictions it is permitted to issue bonds payable from a designated fund as fast as money shall come into the treasury from special sources. In such cases the obligation, being without a fixed due date, follows the general warrant rule. See Freehill v. Chamberlain, Treasurer, etc., 65 Cal. 603, 4 P. 646.

It seems clear that when a municipal bond matures upon a fixed date, as in the case at bar, upon nonpayment, a cause of action would accrue and the statute of limitations would begin to run. The plaintiff cites no authority to the contrary.

The trial court found that the defendant had provided funds for the payment of the bonds sued upon, and had thereby satisfied the rule contended for by plaintiff, and that finding is probably supported by the evidence as shown of record; however, we conclude that the rule contended for by plaintiff is not applicable to the character of municipal obligations here involved.

We consider the applicable rule properly stated in 37 C. J. page 849, paragraph 209, as follows:

"Where it is provided by law that state or county bonds, or the interest coupons thereon, or other municipal obligations, shall be payable out of a particular fund or in a particular manner, the statute of limitations does not begin to run unless it appears that the particular fund has been provided or the method pursued, or until demand for payment is repudiated. But the cases announcing this rule involve, almost without exception, either warrants as distinguished from bonds or bonds affected by peculiar circumstances, and it has been held that the rule that the statute of limitations does not begin to run against municipal warrants which are payable in the order of their registration until a fund has been provided for their payment does not apply to ordinary bonds and coupons. But where there is an unconditional obligation to pay at a fixed date coupled with an additional engagement to provide a fund, the latter is considered a mere accessory obligation and failure to provide the fund does not arrest the running of limitations."

This text cites a number of cases showing the reason for the rule, and the distinction between a municipal obligation having a fixed due date, as the bonds here sued upon, and an obligation which becomes payable only out of certain funds when acquired, as in the case of a warrant or special bond.

In Schoenhoeft v. Board of Com'rs of Kearny County, 92 P. 1097, the Supreme Court of Kansas considered and sustained a plea of the statute of limitations in a similar action. That court held:

"The rule of law that the statute of limitations does not begin to run in favor of a municipal organization on its outstanding warrants until it has money in its treasury to redeem them does not apply to its ordinary bonded indebtedness represented by negotiable bonds and interest coupon."

In the body of the opinion that court ably discussed the question here involved, and discussed and distinguished most of the cases here cited and relied upon by the plaintiff, Miller. We approve the reasoning of the Kansas court in that case, and upon that authority and the general rule hereinabove quoted, we conclude that the trial court was correct in holding that the plaintiff's action was barred by the statute of limitations.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and GIBSON and CORN, JJ., concur.