## DAVIS v. EXCHANGE TRUST CO. et al.

No. 25302. May 28, 1935.

Rehearing Denied June 25, 1935.

Neal E. McNeill, William F. Tucker, Hulette F. Aby, and William H. Martin, for plaintiff in error.

Hunter L. Johnson, Benjamin C. Conner, and Theodore Rinehart, for defendants in error.

OSBORN, V. C. J. This action was commenced in the district court of Tulsa county by Floy S. Davis against the Exchange Trust Company, as administrator of the estate of Mark E. Davis, deceased, and other individuals, as heirs of Mark E. Davis, as a proceeding in equity to set aside a judgment and decree of divorce rendered by the superior court of Tulsa county in favor of Mark E. Davis against plaintiff. The judgment of the trial court was in favor of defendants, and the plaintiff has appealed.

Floy S. Davis and Mark E. Davis were married in Pennsylvania on June 26, 1906. They lived together approximately fourteen months and separated. On July 19, 1915, Mark E. Davis was granted a divorce against the plaintiff by the superior court of Tulsa county. This court was subsequently abolished and the records transferred to the district court of Tulsa county. On April 5, 1927, Mark E. Davis died, leaving a will in which the plaintiff was not mentioned. On April 5, 1928, plaintiff filed a motion to vacate the judgment theretofore granted, the motion being filed in the district court in the same cause in which the judgment was rendered. The principal contention therein was that the service by publication had against the plaintiff was defective and the court was without jurisdiction to render a judgment against her. In that cause plaintiff herein prevailed in the lower court. The cause was appealed to this court and the judgment of the trial court reversed. Exchange Trust Co. v. Davis, 160 Okla. 253, 17 P. (2d) 419. It was therein held that the judgment was not void by reason of any defects appearing on the face of the judgment roll, and the trial court erred in setting the same aside.

While the cause was pending on appeal to this court the present action was instituted. In this action it is sought to set aside the decree of divorce for fraud, extraneous to the record, it being alleged that Mark E. Davis made an affidavit to obtain service by publication in which he averred that the last known place of residence of the defendant was Ben Ayon, Pa., and caused to be mailed to this plaintiff at said address a copy of the publication notice and petition. It is alleged that when said affidavit was made, Mark E. Davis knew, or by a limited inquiry could have learned, that this plaintiff's residence was not Ben Avon, Pa., but San Francisco, Cal.

At the outset we are met with a plea of res judicata and estoppel by judgment. It is contended that the various issues involved herein were presented, or could have been presented, in the former proceeding, and, by the prior opinion of this court, plaintiff is precluded from asserting the invalidity of the divorce decree. Plaintiff contends, however, that such evidence as was introduced in the prior proceeding relating to fraud was inadmissible and that she is entitled to present in this cause her claim that the decree of divorce is invalid by reason of

fraud, extraneous to the record, practiced by the said Mark E. Davis in obtaining the decree and preventing her from defending the action. Plaintiff pleads as a defense to the divorce action that, instead of abandoning her husband as alleged by him, he abandoned her.

As we view it, it is not necessary to pass upon the issue of res adjudicata and estoppel by judgment. The trial court found that plaintiff's action was barred by the statutes of limitation and by laches and estoppel. We will therefore examine the record to determine whether the judgment of the trial court is supported by the clear weight of the evidence and the established principles of law applicable to the controversy.

In the case of First National Bank of Kingfisher v. Darrough, 162 Okla. 243, 19 P. (2d) 551, it is said:

"If a judgment of a district court is void and its invalidity is apparent upon the face of the judgment roll, it may be vacated at any time upon a motion of a party, or any person affected thereby, but if it is necessary to resort to extrinsic evidence to show the invalidity thereof, the attack must be made thereon within three years following the rendition of the judgment or order, or within the time limited by section 563, O. S. 1931 (817, C. O. S. 1921)."

See, also, Samuels v. Granite Savings Bank & Trust Co., 150 Okla. 174, 1 P. (2d) 145; Crowther v. Schoonover, 130 Okla. 249, 266 P. 777; Woodley v. McKee, 101 Okla. 120, 223 P. 346. These cases follow Pettis v. Johnston, 78 Okla. 277, 190 P. 681, wherein this court said:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' Such motion, under section 5274, Rev. Laws 1910, must be presented within three years after the rendition of the judgment or order. * * *

"If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented with the three years following the rendition of the judgment or order, otherwise every judgment, valid upon the face of the record, will depend for its perpetuity upon the frail memory of man.

"We refuse to follow those cases apparently holding that a judgment rendered without service of process, though valid on its face, may be vacated at any time upon motion. Those cases fail to distinguish between judgments valid on their face and those void on their face. See Edwards v. Smith, 42 Okla. 544, 142 P. 302, correctly holding that 'a judgment is not void in the legal sense for want of jurisdiction unless its invalidity and want of jurisdiction appear on the record; it is voidable merely.'"

In this case plaintiff relies upon the grounds specified in the 4th subdivision of section 556, O. S. 1931, for "fraud, practiced by the successful party, in obtaining the judgment or order."

Plaintiff alleges that she did not know of the rendition of the decree of divorce until August, 1927. Defendants contend, however, that the evidence discloses that she had information of the granting of divorce as early as 1918, and that by reason of her laches she is precluded from maintaining this action. Defendants contend that in any event the statute of limitations against granting her relief would begin to run from the date of the discovery of the rendition of said judgment, citing Summers v. Heiny, 132 Okla. 237, 270 P. 28. The finding of the trial court has the effect of determining that she had actual knowledge of the rendition of said divorce decree for a sufficient period of time to bar her cause of action. We therefore turn to the record to determine whether or not this conclusion is against the clear weight of the evidence.

Defendants introduced in evidence the deposition of one Stalzenbach who testified that he met plaintiff in 1918 and had a conversation with her in which he told her that her husband had obtained a divorce and that she stated to him that she wanted to get a copy of the decree so that she could go overseas and get into Y. M. C. A. work. The judgment docket of the superior court of Tulsa county shows that on July 1, 1918, a deposit of 35 cents was made and a certified copy of the journal entry was issued. Defendants also direct attention to the testimony of plaintiff in the former trial in which plaintiff testified that in 1918 she received a copy of the journal entry and remembered that there was something stated therein about her being in default and about restoring her maiden name. Said testimony was so conclusive that in the former opinion of this court we find the following statement:

"It is very clear from the evidence that in the year 1918, the defendant came into possession of a copy of the divorce decree, and that never after that time did she recognize in her correspondence with the plaintiff

in the divorce case that the relation of husband and wife existed between them."

This evidence was repudiated by plaintiff in this proceeding, her statement being that since she had given the matter more thought she had decided that she was in error in stating that she had received a copy of the journal entry in 1918. Certain documentary evidence was introduced. An application for a passport deposited with the State Department of the United States, sworn to July 24, 1918, contains the statement, "I am divorced from my husband." Included in the statement was the further averment that her husband was now residing in Tulsa, Okla. It is further shown that in 1918 she made application for overseas' service with the Y. M. C. A. and signed a questionnaire in which she stated that she was divorced. It is further shown that after being accepted for overseas service with the Y. M. C. A. she signed an Application Form for Militarized Personnel in which one of the questions was, "Are you married or single?" and the answer was, "Divorced."

Following her war service it is shown that she traveled extensively in Europe and Asia and during the course of her travels wrote several letters to Mark E. Davis. The purpose of these communications was to obtain money from him to meet various emergencies arising through sickness and other causes during the course of her travels over the world. We will not burden this opinion with quoting them in full, but we have examined them carefully and do not find in any of the letters a hint, suggestion, or implication that she considered that the marriage relationship still existed between them.

If we accept as true the testimony of plaintiff at the former trial, it is conclusive that she had actual notice of the divorce proceedings and was informed of the grounds upon which the divorce was granted. If her evidence at the trial of this cause is correct and she did not receive a copy of the journal entry, then her undisputed testimony is to the effect that for a period of more than 20 years she and her husband lived separate and apart and during the entire period of time she made no effort to discover whether he had obtained a divorce or not, and this, notwithstanding the fact that she learned in 1920 where he was living and thereafter wrote him numerous letters seeking financial assistance and on more than one occasion received financial assistance from him. The record shows that she is a woman of more than average intelligence, that she lived and worked in many of the larger cities in the United States and traveled extensively in foreign countries. The fact that she represented herself on more than one occasion as a divorcee and other facts which we have hereinabove referred to indicate that she knew about the divorce. After carefully reviewing the evidence, we must conclude, as did the trial court, that plaintiff had information of the granting of said divorce for many years prior to 1927. Her written statements concerning her marital status, her letters to and attitude toward her former husband impel us to this conclusion.

Plaintiff seeks to avoid the force and effect of a decree of divorce by this action in equity commenced more than 13 years after the date of the decree and more than ten years from the date of discovery thereof. Since the record fails to show a reasonable excuse for her failure to assert her rights at an earlier date, there is disclosed on her part an inexcusable lack of due diligence. We further conclude that the acts and conduct of plaintiff after receiving information concerning the divorce, together with her failure to assert her rights at an earlier date, constituted an actual acquiescence in said divorce, and evinced an intention on her part to abandon any claim of marital rights accruing by reason of her prior marriage to Mark E. Davis. Her claim is therefore barred by the statute of limitation and by laches. See City of Guthrie v. McKennon, 19 Okla. 306, 91 P. 851; Richardson v. Howard, 51 Okla. 240, 151 P. 887; Finley v. Riley, 91 Okla. 58, 215 P. 950.

We find no error in the judgment of the trial court, and the same is affirmed.

RILEY, BAYLESS, WELCH, and GIBSON, JJ., concur.