## NORDMAN v. SCHOOL DISTRICT NO. 43 OF CHOCTAW COUNTY.

No. 29835.    Oct. 14, 1941.

Rehearing Denied Dec. 23, 1941.

Application for Leave to File Second Petition for Rehearing Denied Feb. 3, 1942.

*121 P. 2d 290.*

T. B. Westmoreland, of Sallisaw, and J. G. Guise, Jr., of St. Louis, Mo., for plaintiff in error.

Norman Horton, of Hugo, for defendant in error.

WELCH, C. J.   On February 21, 1939, plaintiff in error, as plaintiff below, filed his petition seeking judgment against the defendant school district upon a $500 bond issued by the district, due and payable upon a date certain, to wit, July 1, 1933.

Due service of summons was had upon the proper school district officials and after answer day had expired and no pleadings having been filed on the part of defendant, default judgment was rendered on May 1, 1939, for the sums prayed.

On October 6, 1939, motion by defendant to set aside and vacate the judgment was filed, and after notice and hearing the judgment was set aside, from which action this appeal is taken.

It is asserted by defendant that the default judgment was irregular and void, one of the grounds therefor being that the petition and judgment roll shows upon its face that the plaintiff's cause of action is barred by the statute of limitations. An action upon such an obligation is barred five years after the specific due date thereof. Miller v. Independent School District No. 16, Kingfisher County, 171 Okla. 136, 42 P. 2d 125.

The petition upon the face thereof disclosed that same was barred under the rule of the Miller Case, supra. The petition was therefore subject to general demurrer for that reason. Berry Dry Goods Co. v. Ward, 120 Okla. 11, 249 P. 916; Tiger v. Brown, 130 Okla. 83, 265 P. 124; Sommers v. Heiny, 132 Okla. 237, 270 P. 28; Hartzell v. Choctaw Lbr. Co., 163 Okla. 240, 22 P. 2d 387; Raymer v. Comley Lbr. Co., 169 Okla. 576, 38 P. 2d 8, and Johnson v. State, 173 Okla. 508, 49 P. 2d 141.

It clearly appears from those decisions and others that had defendants demurred generally to the petition, it would have been error for the court to overrule same, and if default judgment had been rendered, the same would have been reversed upon appeal for insufficiency of the pleadings to sustain the judgment. 34 C. J. 153, par. 363. Clark v. Holmes, 31 Okla. 164, 120 P. 642.

We have not overlooked those decisions holding there may be a waiver of the benefits of the limitations statutes. Such waiver may ordinarily be accomplished by action on the part of one clothed with authority to do so. 34 Amer. Jur. 318, paras. 405 and 406.

However, in such an action as this one the school district is the real party in interest. Consolidated School District v. Beeson, 30 Okla. 802, 120 P. 643.

While the director is authorized to appear for the district and defend such an action as this (section 6801, O. S. 1931, 70 Okla. St. Ann. 104), there must be strict or definite limitation to his authority to take any action therein against the interest of the district and bind the district thereby. We have held that said section does not authorize the entry of a confession of judgment. Moore v. School District, 11 Okla. 332, 66 P. 279. It would seem to follow that the school district officer or officers could not accomplish by nonaction that which they are not authorized to accomplish by direct affirmative action.

We think where a judgment has been rendered by default on a petition which affirmatively shows on its face that the statute of limitation has run, and the judgment roll on its face affirmatively shows that the party or officer whose duty it is to appear and defend is without authority to waive the running of the statute, that such judgment is at least irregular.

A school district is a political subdivision of the state. Its powers, and those of its officers, are only such as are specifically granted by the Constitution and statutes, and such as are reasonably or necessarily incident to the specific grant. Our Constitution and statutes have carefully restricted the incurring of debt and the expenditure of the public funds. Prior decisions of this court are many and uniform to the effect that a claimant to public funds of a subdivision of the state must point to statutory authority in support of the claim. The ultimate object of plaintiff's suit is to recover a part of the public funds of the defendant school district. Those funds are by law entrusted to the care of the directors of the school district under careful legal restrictions as to disposition thereof. The statute grants permission to sue the district and section 101, O. S. 1931, 12 Okla. St. Ann. § 95, restricts the time in which suit may be brought. Nowhere in the statute has it been pointed out that there has been given authority to the director or officers of a school district to waive any

provision of law, which waiver will operate directly to charge the district either with debt or liability, or result in divesting it of any part of its public funds.

It is generally true that a private person may voluntarily waive a substantial right and may, if he chooses, voluntarily dispose of his funds as he desires and at his discretion, but that rule does not apply to an agent unless he has been authorized so to do. The authority given the agents of the school district is statutory and therefore open for all to know, and in view of the well-known fiscal policy of our laws, to the effect that the municipal agents may expend such funds, or incur financial liability, only as they are specifically or by reasonable implication so authorized, we must conclude that the school directors have been given no specific or implied authority to acknowledge by waiver a debt which otherwise the school district is not unequivocally bound by law to pay.

To hold otherwise than as here indicated would result in permitting school directors at their will to pay or bring about the payment of certain claims, and to deny others of equal station, which would seem to result in unsound public policy and which nowhere appears to have been intended from the powers granted to the directors. Such powers might tend to induce fraud, collusion, and oppression, and result in additional burdens upon taxpayers without their consent and in a manner not provided for by law.

In Finn v. United States, 123 U. S. 227, 31 L. Ed. 128, the Supreme Court of the United States held, as stated in paragraphs 2 and 3 of the headnotes:

"The general rule that a party making a defense of the statute of limitations must plead the statute if he wishes the benefit of its provisions has no application to suits in the court of claims against the United States.

"A judgment in the court of claims for the amount of a claim which the record or evidence shows to be barred by the statute of limitations is erroneous."

In the opinion it is said:

"The general rule that limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead the statute if he wishes the benefit of its provisions, has no application to suits in the court of claims against the United States. An individual may waive such a defense, either expressly or by failing to plead the statute, but the Government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the court of claims. Since the Government is not liable to be sued, as of right, by any claimant, and since it has assented to a judgment being rendered against it, only in certain classes of cases, brought within a prescribed period after the cause of action accrued, a judgment in the court of claims for the amount of a claim which the record or evidence shows to be barred by the statute would be erroneous."

The conclusion of the court in the Finn Case and the quoted portion of the opinion conforms to our conclusion here. True, in that case the United States Supreme Court seems to construe the limitation statute as a condition or qualification of the right. It might be thought that the case holds that the running of the statute wholly extinguishes the right. We here go only so far as to say that school district directors have not been given the authority to waive the running of the statute of limitations, and therefore do not have the right to do so when such waiver alone will result in judgment which otherwise could not be taken.

Further supporting our conclusion in principles of law is Spring Canyon Coal Co. v. Industrial Commission of Utah, 58 Utah, 608, 201 P. 173, wherein the right of a public body with control or disposition of public funds to waive the general statute of limitations is denied. We quote therefrom as follows:

"There is another feature of the case, which, in view of the fact that it involves public rights, we feel constrained to refer to before closing.

"(5) In view of the recent decision of this court in Interurban Const. Co. v. Ind. Com., 199 Pac. 157, with respect to the statute of limitations, the commission inserted the following statement as a part of its findings: 'That the State Insurance Fund does not hold the statute of limitations as a bar to compensation.'

"We remark that in cases before the commission pleadings are not necessary, and are not generally filed. All that usually appears is the application or petition of the applicant in which the necessary jurisdictional facts and other facts are stated. The hearing usually is based upon this application. In this case the record does not even contain such a petition or application. The date upon which the injury occurred is, however, made to appear. Under the practice prevailing in this jurisdiction a demurrer may be interposed where it appears upon the face of the petition or complaint that the action or proceeding is barred by the statute of limitations. All that appears in this case, however, is the statement of the commission referred to. It is elementary that, in order to avail himself of the provisions of the statute of limitations, a party must in some form indicate that he relies on the defense, usually by pleading it. Where there are no pleadings required, the defense of the statute of limitations may, nevertheless, be invoked if done in proper time and by properly indicating that it is relied on. It is also elementary that, unless pleaded or relied on, the statute is waived. No doubt any person who has the right to interpose the statute of limitations may waive such right. To do that, however, ordinarily at least, implies that the right to waive is personal, and that in waiving it the person doing so acts in a personal capacity and in his own right. In this case, for example, the company, one of the plaintiffs, could waive the right to interpose the statute of limitations as a defense if it chose to do so. It could, however, only waive the right so far as it affected its own rights. Whether the State Insurance Fund could waive the benefit of the statute of limitations presents a different question. That fund is administered by the Industrial Commission as public officials, and hence is administered by them as trustees and not in their own right. The question therefore arises, May the statute of lim-

itations be waived by those officials? It manifestly is their duty to administer the fund in accordance with law, and so as to treat all alike who have a right to participate in that fund. The people in their sovereign capacity have an interest in the State Insurance Fund, and they are entitled to have the same distributed to those only who are legally entitled thereto.

"To permit the commission, or any other person having control of that fund, to waive the statute of limitations at will must, in the long run, result in injustice and favoritism, since the statute can be enforced as against A., B., and C. and as easily waived in favor of D., E., and F. A person or corporation distributing his or its own money may elect to waive the benefit of the statute of limitations in favor of A. while he or it may insist upon it as against B. without abusing any trust or disregarding a public duty. A public official may, however, not indulge in such a practice without abusing a trust and without bestowing a favor on one which he denies to another. In our judgment, where, as here, a fund is to be administered and distributed by public officials, it should be administered and distributed strictly in accordance with law, and to those only who are legally entitled thereto, without favor to anyone. Under such circumstances the language of the Supreme Court of Mississippi in the case of Trowbridge v. Schmidt, 82 Miss. 475, 34 So. 84, is applicable. In referring to the duty of a municipal board to interpose the plea of the statute of limitations, the court, in the course of the opinion, said: 'It is indisputable that a municipal board cannot lawfully give away public money.'

"In the course of the opinion it is further said:

" 'It is the plain duty of a county or municipal board to plead the statute of limitations when it can under the facts. Such boards are the people's trustees.'

"If it is the duty of municipal or county officers to interpose the defense of the statute of limitations where public funds are in question, it certainly is the duty of a state official who is entrusted with public funds to do likewise. If he fails in doing so, he must either disregard the statute of limitations entirely, and thus ignore the law, or he must practice favoritism by en-

forcing it as against one claimant while he waives it in favor of another. It needs no argument to show that such a practice would be intolerable."

Under the provisions of subdivision 3 of section 556, O. S. 1931, 12 Okla. St. Ann. § 1031, and section 563, O. S. 1931, 12 Okla. St. Ann. § 1038, a judgment rendered irregularly may be set aside within three years upon motion.

Whether the judgment here involved was void we have no need herein to say. The same, to say the least, was irregular, and the trial court very properly set the same aside upon the proceedings taken.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., dissents.

---

HURST, J. (dissenting on rehearing). The question is whether there was such an irregularity in obtaining the default judgment under the third subdivision of section 556, O. S. 1931, 12 O. S. A. § 1031, as to authorize the court to set it aside on motion filed at a subsequent term of the court. I think there was not. The term "irregularity in obtaining a judgment or order" as used in said statute is defined as "the failure to observe that particular course of procedure which, conformable with the practice of the court, should have been observed in the case." Hatfield v. Hatfield, 59 Okla. 132, 158 P. 942. The bond sued on was the last due in a series of four. It matured July 1, 1933. The record contains a letter from the treasurer, written October 23, 1935, that the district "now has a balance of $468; we have a notation on the ledger to notify you when sufficient funds are collected to pay the next bond." The treasurer testified that sufficient funds did not accumulate in the sinking fund to pay the bond until "after the statute of limitations ran," presumably meaning July 1, 1938, five years after the maturity of the bond. This action was commenced February 1, 1939. The pe-

tition contained the allegation that the district repeatedly acknowledged the existence of the debt after the maturity of the bond. The petition stated a cause of action on a legally issued bond of the district sufficient to invoke the jurisdiction of the court and to require the school district to appear and defend. The district was legally served with summons. It made default. It is not contended that plaintiff induced the district to make default, or that there is any collusion or fraud on his part. After answer day had passed, a default judgment in due form was rendered against the district. The judgment became final with the ending of the term, and the court lost control of the judgment except as it might vacate or modify the same on any of the grounds contained in section 556.

It is clear that if the defendant had been an individual or private corporation, it would have no standing in court, as by failure to plead the statute of limitations the defense would have been waived. Venmex Oil Co. v. Thomas, 189 Okla. 407, 117 P. 2d 540. I think the same rule applies to municipal corporations. School districts are municipal corporations and may sue and be sued. Section 6784, O. S. 1931, 70 O. S. A. § 64; Joint School District v. Dabney, 127 Okla. 234, 260 P. 486. Like other municipal corporations, rules of pleading and practice ordinarily obtaining in civil actions apply to them, in the absence of statutes providing otherwise (we have no such statute pertaining to the defense of limitations), and like other litigants, municipal corporations must plead affirmative defenses, such as the statute of limitations, otherwise they will be considered waived. Johnson v. County Commissioners, 7 Okla. 686, 56 P. 701; Van Arsdale & Osborne v. Olustee School District, 23 Okla. 894, 101 P. 1121; City of Sulphur v. State, 62 Okla. 312, 162 P. 744; 44 C. J. 1478; 56 C. J. 796; McQuillin, Municipal Corps. (2d Ed.) § 2508; Board of County Commissioners v. Board of Finance of Methodist Episcopal Church South (C.C.A. 10th Cir.) 100 F. 2d 766; Brown v.

Town of Pleasant Point, 36 W. Va. 290, 15 S. E. 209; Leary v. City of Watervliet, 160 N. Y. S. 1042; Carlson v. City of Marshalltown, 212 Iowa, 373, 236 N. W. 421; Skinner & Kennedy Stationery Co. v. Board of Education, 182 Mo. App. 541, 165 S. W. 835; Hewel v. Hogin, 3 Cal. App. 248, 84 P. 1002; Town Council v. Ladd, 37 Wyo. 419, 263 P. 703.

The majority opinion cites no case which supports the conclusion that there was "irregularity in obtaining" the judgment, and I have found none. The authorities seem to be to the contrary. 34 C. J. 274, §495. A defendant cannot set up his own neglect to plead a defense, his own default, as an "irregularity in obtaining a judgment." See Bank of Commerce v. Williams, 52 Wyo. 1, 69 P. 2d 525, 110 A. L. R. 1463, and Ealy v. McGahen, 37 N. M. 246, 21 P. 2d 84, construing statutes identical with ours. It was not the duty of the plaintiff to insist that the school district contest the case or to notify it that the default judgment was about to be taken.

The two cases relied on in the majority opinion are not in point, (1) because they involved the United States and the State of Utah, respectively, and not municipal corporations, and (2) because they were direct appeals, and were not prosecuted under a statute authorizing the vacation of judgments after term. The United States Supreme Court decision (Finn v. United States, 123 U. S. 227, 31 L. Ed. 128) recognized the general rule that the statute of limitations is waived by failure to plead it, but held that the rule did not apply to suits against the United States in the Court of Claims, since the government had not given its consent to be sued after the statute had run. The rule adhered to by the United States Supreme Court as to ordinary actions is that the statute of limitations is waived unless pleaded, and this is so even where the statute bars not only the remedy but the right. See Burnet v. Alvarez, 226 U. S. 145. In a subsequent decision the Utah court refused to extend the rule in the cited case (Spring Canyon Coal Co. v. In-

dustrial Commission of Utah, 58 Utah, 608, 201 P. 173) to a municipal corporation. See Ogden City Corporation v. Industrial Commission, 92 Utah, 423, 69 P. 2d 261.

Under the majority opinion, no default judgment against a school district can be obtained that will not be subject to vacation within three years because the district made default or did not plead all its defenses. And if this rule is to apply to school districts, I see no reason why it will not apply to other municipal corporations. The majority opinion in effect reads into the Code of Civil Procedure provisions not found in the statute and relieves municipal corporations of the duty to defend themselves against suits. If carried to its logical conclusion, the result will be, for instance, that cities and towns, when sued for negligence, can make default or can hold back their affirmative defenses, such as contributory negligence, assumption of risk, or the statute of limitations, and when they lose the first round, they can move to vacate within three years on the ground that they made default or failed to interpose such defenses and get another trial.

I am of the opinion that there was no irregularity in obtaining the judgment, as that term is used in section 556, as defined in Hatfield v. Hatfield, above, and I therefore dissent.