School Building Bonds — Interest Coupons — Actions On The statute of limitations on an action on the interest coupons of school building bonds begins to run from the due date of the coupon and is barred five years thereafter. The Attorney General acknowledges receipt of your letter dated May 13 1968, requesting an official opinion on the following matter: "When is an action on the interest coupons on School Building Bonds, issued by an Oklahoma School District pursuant to Article X, Section26 Oklahoma Constitution, as amended, and Title 70 O.S. 15.1 [70-15.1] — 70 O.S. 15.5 [70-15.5] (1961), barred by statute of limitations?" It is a well settled general rule that the statute of limitations runs from the due date of the coupons. McQuillan on Municipal Corporations (3d ed.), Vol. 15, Section 43.157, says: "It is the prevailing view that the cause of action on coupons accrues on the due date of the coupons, without regard to the due date of the bonds, and that limitation begins to run from that date, irrespective of whether or not the coupons have been detached from the bonds." 12 Am.Jur.2d, Bonds, Section 79, says: "Where interest payments on a bond are evidenced by coupons, each consisting of a promise to pay a specific sum on a stated date, generally the statute of limitations runs against each coupon from the date on which it is payable and overdue interest on bonds represented by negotiable coupons is barred by the statute, whether the coupons remain attached to the bonds or have been severed from them." 54 CJ.S., Limitations of Action, Section 148 (2), pp. 87-88, reads: "Although there is authority holding that an action for an amount due on coupons annexed to a bond is not barred by limitations until the principal debt is barred, the general rule is that the statute begins to run on the coupons on the respective dates of their own maturity, regardless of when the bond matures and whether the coupons have been detached and transferred or remain attached to the bond." In the Oklahoma case of Miller v. Independent School District No. 16 of Kingfisher County, 171 Okl. 136, 42 P.2d 125, the court stated: "This court has repeatedly held that the statute of limitations begins to run when the cause of action accrues. Neff v. Willmott, Roberts Looney,170 Okl. 450, 41 P.2d 86. . . . . "It seems clear that when a municipal bond matures upon a fixed date, as in the case at bar, upon nonpayment, a cause of action would accrue and the statute of limitations would begin to run. The plaintiff cites no authority to the contrary." That case concerned the bond itself, but the court cited the Kansas case of Schoenhoeft v. Board of Com'rs of Kearney County, 76 Kan. 883,92 P. 1097, which did concern interest coupons. The Oklahoma Court stated in the Miller case, supra, "We approve the reasoning of the Kansas Court in that case, and upon that authority and the general rule hereinabove quoted, we conclude that the trial court was correct in holding that the plaintiff's action was barred by the statute of limitations." Further, other states have adopted the stated rule. State ex rel. Central Auxiliary Corporation v. Rorabeck, 111 Mt. 320, 108 P.2d 601, held: "It is well settled that, generally, the same statute of limitations applicable to the principal of bonds is applicable also to the coupons, except that the statute begins to run from the date of the maturity of the coupons respectively, and not from the date of the maturity of the bonds and this irrespective of whether the coupons have been detached from the bonds or remain attached thereto. . . ." The statute of limitations is found at 12 O.S. 95 [12-95] (1961), and reads in part, "Civil actions other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First. Within five (5) years: An action upon any contract, agreement or promise in writing. . . ." Therefore, it is the opinion of the Attorney General that your question be answered as follows: The statute of limitations on an action on the interest coupons of School Building Bonds begins to run from the due date of the coupon and is barred five years thereafter. (Sam I. Hellman)