CONSOLIDATED SCHOOL DIST. NO. 6 v. PANTHER OIL & GREASE MFG. CO.

No. 32056. April 23, 1946.

*168 P. 2d 613.*

E. S. Collier, of Taloga, for plaintiff in error.

Falkenstine & Fisher, of Watonga, for defendant in error.

PER CURIAM. This is an action by the Panther Oil and Grease Manufacturing Company, hereinafter called plaintiff, to recover $256.30 for goods, wares and merchandise sold to the defendant, consolidated school district No. 6, Dewey county, Okla. At the conclusion of the evidence offered by the plaintiff, defendant demurred thereto, the demurrer was overruled, and defendant elected to stand thereon. The court directed a verdict for the plaintiff, judgment was entered thereon, and the defendant appeals.

The sole allegation of error is that the court erred in directing a verdict for plaintiff and entering judgment thereon. This requires a review of the evidence. Plaintiff did not plead the contract for the purchase of supplies furnished. This contract was dated June 11, 1938, and was signed by Joe Hamilton, Jr., clerk, and Lawrence Evans, director. This contract was introduced in evidence, identified, and made a part of the record. There were then introduced all of the bills showing the materials shipped and received by the defendant. The correctness of these items of account is not disputed. All of these items were furnished, shipped and delivered to the defendant after July 1, 1938. A series of letters beginning with the acknowledgment of the order September 30, 1938, and ending with a letter written by Hammer, superintendent of the school, under date of April 5, 1939, were introduced and identified. Following one of these letters there was shipped a supply of paint which is listed at $27.50 and is a part of the $256.30 for which the judgment was rendered.

The defendant contends that the case comes within the rule announced in Herd. Equipment Co. v. Eagle Tp., 180 Okla. 172, 68 P. 2d 420. Therein an order was made for merchandise in June, 1929, before the fiscal year commencing July 1, 1929, and a warrant

in payment issued October 14, 1929, against the funds for the fiscal year commencing July 1, 1929. It was held that plaintiff could not recover.

Plaintiff asserts that the case comes within the rule announced in Anderson v. Miller, 172 Okla. 480, 45 P. 2d 499, wherein the court held that an offer made to a school teacher in one fiscal year may be accepted by the board of education of the school district in the succeeding fiscal year. The rule has not been invoked in a contract for the purchase of supplies and material. It has been limited to the contract of a teacher in which negotiations commenced in one fiscal year were accepted by the school board in the succeeding fiscal year. We are of the opinion, and hold, that the case at bar comes directly within the rule announced in Herd Equipment Co. v. Eagle Tp., supra. As was said in Smith v. School Dist. No. 1, Marshall County, 187 Okla. 184, 102 P. 2d 131:

"In a variety of cases involving school districts and municipal corporations of various kinds we have been called upon to apply the provisions of sec. 26, art. 10, and we have repeatedly held that contracts, executed or executory, entered into in one fiscal year, which in any way seek to bind the revenues of a succeeding fiscal year, are void. See the following cases, and the many cases cited or discussed therein: Campbell v. State, 23 Okla. 109, 99 P. 778; O'Neil Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 P. 19; Boardman Co. v. Board of County Commissioners, 136 Okla. 85, 276 P. 474; Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15; School District No. 76, Creek County, v. Bath, 120 Okla. 204, 250 P. 1003; Dungan v. Independent School District No. 39 of Gage, Ellis County, 182 Okla. 385, 77 P. 2d 1117; Herd Equipment Co. v. Eagle Township, 180 Okla. 172, 68 P. 2d 420."

The contract in the case at bar is in part as follows:

"Date June 11, 1938

"*Please Ship as Soon as Possible*:

"CHARGE TO Consolidated #6 School, Street No._____ or R.F.D. No._____ Box No._____ POST OFFICE Canton County Blaine State Okla. Name of town where Customer Gets Mail. Shipping Point Canton County Blaine State Okla. Name of Town where Shipment Goes. NOTICE *This order not subject to countermand or cancellation.*" (Emphasis ours.)

In O'Neil Engineering Co. v. Incorporated Town of Ryan, supra, it is stated:

"We think the contract in this case attempted to impose a present obligation and liability upon defendant, notwithstanding the contingency as to payments to be made thereunder. So far as the city officers are concerned, nothing further was to be done by them. No option of any kind was to be exercised by them."

In Boardman Co. v. Board of County Commissioners, supra, referring to the opinion in O'Neil Engineering Co. v. Incorporated Town of Ryan et al., supra, the court stated:

"In the case at bar the facts are stronger than in either of the cited cases, for the reason that the contract pleaded by plaintiff was subject to no sort of condition or limitation. It was a contract whereby plaintiff bound himself to build, and the county assumed to bind itself to pay for, certain bridges. There was nothing for the county to do. There was no option to be exercised. From the moment the contract was made, if indeed it were valid, the parties became bound to carry out its terms."

So, in the case at bar, from June 11, 1938, the purport of the asserted contract was to bind the defendant to purchase and to bind the plaintiff to deliver the materials as specified. It directed delivery as soon as possible. It purported to be not subject to cancellation. That is just the sort of contract that can only be executed, completed, and paid within the fiscal year. The trial court erred in not sustaining the demurrer to the evidence.

In this connection it is asserted that by the letters of the school board above referred to there was a contract executed, completed, and to be paid for to the extent of $27.50 for the paint furnished by virtue of such letters. The only con-

tract with respect to this material is the letter or letters from the superintendent. The superintendent is not authorized to enter into contracts and bind the board. This contention is therefore without merit.

The cause is reversed and remanded, with directions to set aside the judgment for plaintiff and to enter judgment for the defendant.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.