INDEPENDENT SCHOOL DISTRICT NO. 1,
McINTOSH COUNTY, Oklahoma,
Plaintiff in Error,

v.

P. A. HOWARD, d/b/a Howard Typewriter
Co., Defendant in Error.

No. 38187.

Supreme Court of Oklahoma.

Feb. 17, 1959.

Rehearing Denied March 24, 1959.

R. O. Green, Joe M. Whitaker, Eufaula, for plaintiff in error.

Kenneth W. Lackey, Eufaula, for defendant in error.

JOHNSON, Justice.

P. A. Howard, d/b/a Howard Typewriter Company, as plaintiff sued Independent School District No. 1, McIntosh County, Oklahoma, on an alleged contract for the sale of certain typewriters to the District.

A jury trial resulted in a verdict for the plaintiff.

The purported contract sued upon was introduced in evidence and showed by its terms that it was payable November 1, 1955; that the contract was dated June 28, 1955, and that the typewriters were delivered on June 30, 1955. No showing was made that the amount of the purchase price of the typewriters was within the unencumbered balance of an appropriation made for such purpose for the fiscal year ending June 30, 1955, as required by 62 O.S.1951 §§ 361–364.

The trial court overruled the District's demurrer to the plaintiff's petition and its demurrer to the plaintiff's evidence adduced in support of the petition and also overruled the District's motion for a new trial, from which action the District appeals.

The District, among other things, contends that the contract and judgment based thereon is void because the contract was made in one fiscal year and attempted to bind the revenues of the District for a succeeding fiscal year. We agree.

The question raised by this contention has been before this Court many times. See Consolidated School Dist. v. Panther Oil & Grease Co., 197 Okl. 66, 168 P.2d 613, and cited cases. Therein in the syllabus we said:

"1. Whoever contracts with a municipality does so with notice of the limitations on its or its agents' powers. Everyone is presumed to know the law, and whoever contracts with such

municipality or furnishes it supplies does so with reference to the law; if such persons go beyond the limitations imposed, they do so at their own peril.

"2. The intent and plain purpose of section 26, article 10, of the Constitution is to require a municipality to carry all its corporate operations upon a cash or pay as you go plan. The revenue of each year must take care of the expenditures of such year and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by vote of the people and within the limitations therein provided."

In the body of the opinion we said:

"As was said in Smith v. School Dist. No. 1, Marshall County, 187 Okl. 184, 102 P.2d 131, 135: 'In a variety of cases involving school districts and municipal corporations of various kinds we have been called upon to apply the provisions of Sec. 26, Art. 10, and we have repeatedly held that contracts, executed or executory, entered into in one fiscal year which in any way seek to bind the revenues of a succeeding fiscal year are void.'"

We have also held that failure to comply with the provisions of 62 O.S.1951 §§ 361–364, supra, is jurisdictional, and that a trial court is without jurisdiction to render a judgment in an action against a school district on contract in the absence of the proof required by the statute, and that such question may be raised for the first time on appeal, notwithstanding the fact that plaintiff herein argues to the contrary. See Oklahoma City v. Green Const. Co., 184 Okl. 98, 84 P.2d 623 and cited cases. The rule is stated in the syllabus as follows:

"Where an action based on a contract is brought against a city, the trial court is without jurisdiction to

render judgment against the city unless secs. 5976–79, O.S.1931, 62 Okl.St.Ann. §§ 361–364, are complied with; and complaint of the failure to comply therewith may be raised for the first time on appeal."

Other questions are raised by both appellant and appellee, but in view of what we have said herein we deem it unnecessary to discuss them. The cause is reversed and remanded with directions to set aside the judgment for plaintiff and to enter judgment for the defendant school district.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, IRWIN and BERRY, JJ., concur.