Avery M. SHERRILL, Petitioner,

v.

BOARD OF TRUSTEES OF SOUTH OKLAHOMA CITY JUNIOR COLLEGE, an Area School District, also known as South Oklahoma City Area School District, Respondent.

No. 46871.

Supreme Court of Oklahoma.

Oct. 26, 1973.

Leon S. Hirsh, Paul Johanning, David Hudson, Tom G. Hilborne, Jr., Oklahoma City, for petitioner.

Gary M. Bush, Michael D. Tinney, Fagin, Brown & Bush, Oklahoma City, for respondent.

IRWIN, Justice:

Petitioner seeks to enjoin the issuance of Student Center Revenue Bonds by the Board of Trustees of South Oklahoma City Junior College (College). The fundamental issue as presented by the parties concerns the authority of a Community Junior College to issue revenue bonds where the "community" in which the Community Junior College was established, has become "an area school district". However, before considering this issue, we will bring into focus its importance by first discussing the contentions of the parties.

Petitioner contends that when, as in the case at bar, a "community" in which a Community Junior College has been established, becomes "an area school district", the laws applicable to the issuance of bonds by the "area school district" are applicable to bonds issued by the Community Junior College and subject to the same constitutional proscriptions.

Article X, § 26, of the Constitution provides, inter alia, that no school district shall be allowed to become indebted in any manner, for any purpose, to any amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof.

In Independent School District No. 1, McIntosh County v. Howard, Okl., 336 P. 2d 1097, we quoted with approval Consolidated School Dist. v. Panther Oil & Grease Co., 197 Okl. 66, 168 P.2d 613, wherein we said:

"As was said in Smith v. School Dist. No. 1, Marshall County, 187 Okl. 184, 102 P.2d 131, 135: 'In a variety of cases involving school districts and municipal corporations of various kinds we have been called upon to apply the provisions of Sec. 26, Art. 10, and we have repeatedly held that contracts, executed or executory, entered into in one fiscal year which in any way seek to bind the revenues of a succeeding fiscal year are void.'"

Petitioner argues the rule of law above set forth is applicable in the instant proceedings.

Respondent contends the principles governing the issuance of revenue bonds by a Community Junior College are the same as those governing the issuance of bonds by a University or College of Oklahoma, such as the University of Oklahoma and Oklahoma State University, formerly Oklahoma A & M College.

Respondent argues the principles of law set forth in Application of Board of Regents of University of Oklahoma, Okl., 427 P.2d 429, are controlling. There we held:

"It is within the prerogative of the Legislature to authorize the Board of Regents of Oklahoma University to issue a series of self-liquidating bonds the proceeds of the sale of which may be used for the construction of revenue-producing buildings and facilities, the earnings of which then shall be allocated to paying the indebtedness represented by such bonds."

See also Application of Board of Regents for Oklahoma Agricultural and Mechanical Colleges, 196 Okl. 622, 167 P.2d 883.

We will now consider the authority of a Community Junior College to issue revenue bonds where the "community" in which the Community Junior College was established has become "an area school district".

70 O.S.1971, § 4401 through § 4403, provides for the establishment of Community Junior Colleges. Sec. 4402, provides that the application for the establishment of a Community Junior College "shall describe the boundaries of the community in which the community junior college will be established and maintained." The word "'community' * * * shall mean the area set forth in the application".

70 O.S.1971 § 4403, provides for consideration of the application by the State Regents and if the standards therein set forth are met, "they shall issue a proclamation calling an election to be held in the community, to allow legal voters residing in the community to vote on the question of whether a junior college shall be established and maintained in the community."

College was established pursuant to the above statutory authority.

70 O.S.1971 § 4410, provides that "any community maintaining a community junior college * * * may, by resolution adopted by the Board of Trustees of the college, become an area school district; and laws applicable to other area school districts * * * shall be applicable to such district, except that in lieu of a board of education its governing board shall be the Board of Trustees of the community junior college; * * *."

■ The "community" in which College was established became "an area school district" by resolution adopted by the Board of Trustees of College and the governing board of the "area school district" is the Board of Trustees of College. Although the governing board of the "area school district" is the Board of Trustees of the Community Junior College this does not effect a merger of the two entities or create any conflict of interests. Woodward v. City of Anadarko, Okl., 351 P.2d 292.

■ An examination of our Legislative enactments clearly discloses that it is the "community" in which a Community Junior College has been established, and not the Community Junior College, that becomes "an area school district". The Community Junior College is neither dissolved nor merged into the "area school district". A Community Junior College established and maintained in a "community" that has become "an area school district" is a separate and distinct entity from the "area school district".

70 O.S.1971 § 4015, provides:

"The Board of Trustees of any community junior college operating under the provisions of Sections 4401 through 4418 of Title 70, Oklahoma Statutes, may construct a building for use as a social and recreation center for the students and members of the faculty of the college, * * * and issue revenue bonds to pay the cost of constructing, equipping and furnishing the building. * * * B. * * * The bonds shall be special obligations, payable solely from revenues designated by the Board of Trustees, which may, subject to the approval of the Oklahoma State Regents for Higher Education, include fees and charges collected from students in attendance at the college * * *."

■ Sec. 4015, supra, was enacted in 1971 and, by Legislative direction, codified as 70 O.S.1971 § 4015. See 1971 Oklahoma Session Laws, chapter 255, pages 598–599. It is the last section contained in 70 O.S.1971, Art. X, entitled "Revenue Bonds". Prior to the enactment of § 4015, Art. X related to, inter alia, the issuance of revenue bonds by the Board of Regents for all State Educational Institutions. Although Sec. 4015, supra, became a part of Article X, supra, Sec. 4015, subd. B provides that the issuance of revenue bonds by the Board of Trustees of the Community Junior College shall be in accordance with procedures prescribed by the Attorney General. We hold the principles governing the issuance of revenue bonds by a Community Junior College are the same as those governing the issuance of revenue bonds by a University or College, such as the University of Oklahoma and the Oklahoma State University, formerly Oklahoma A & M College.

■ We hold the Board of Trustees of a Community Junior College has the authority to issue revenue bonds. Since this is the only issue presented or determined, Petitioner is not entitled to a Writ of Prohibition on this ground.

1391

Respondent concedes that this proceeding involves a matter of public interest and this Court should assume original jurisdiction.

Original Jurisdiction Assumed; Petition for Writ of Prohibition Denied.

All the Justices concur.