Dear Chairman McCall,
The Attorney General is in receipt of your request for an opinion wherein you ask substantially the following question:
Are forty-eight (48) month installment purchase contracts valid andenforceable if they contain annual renewal provisions based upon fundingby the Legislature?
The enforceability of multi-year contracts containing funding clauses has been the subject of several prior Attorney General Opinions. See Oklahoma Attorney General's Opinion No. 78-256, and No. 79-99, issued concurrently with this opinion. All earlier opinions have consistently held that such funding clauses were violative of Article X, Section 23 of the Oklahoma Constitution. This Constitutional provision reads in part as follows:
 "The State shall never create or authorize the creation of any debt or obligation, or fund, or pay debts against the State, or any department, institution or agency thereof, regardless of its form of the source of money from which it is to be paid, except as provided in this amendment and in Article X, Section 24 and Article X, Section 25 of the Constitution of the State of Oklahoma. . ."
The two (2) exceptions noted refer to the debts created by a vote of three-fifths of the voters and debts necessary to repel invasion. The purpose of the above constitutional provision is to make the fiscal year, as defined in Article X, Section 1, the basis for the encumbrance and expenditure of revenues appropriated. See Rountree vs. Phelps, 197 P.2d 973
(Okla. 1948). In the case of Independent School District Number 1, McIntosh County, Oklahoma, vs. P. A. Howard, 336 P.2d 1097 (Okla. 1959), the Supreme Court also stated that "contracts executed or executory, entered into in one fiscal year and seeking to bind school districts revenues of a succeeding fiscal year, are void".
The above constitutional provision, case law and prior Attorney General's Opinions consistently invalidate contractual provisions which bind the State by contract into succeeding fiscal years, subject to appropriations being available in the succeeding fiscal years. Such a clause in an installment purchase contract is nothing more than an executory provision extending the life of the contract beyond the current fiscal year thereby violating the spirit and letter of the Oklahoma Constitution which prohibits State Agencies from binding subsequent fiscal year appropriations.
It is, therefore, the opinion of the office of the Attorney Generalthat forty-eight (48) month installment contracts containing fundingclauses are void as executory contracts beyond the current fiscal year.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL
CHIEF, CIVIL DIVISION