The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "(1) Can an Oklahoma Municipal Corporation, by promising in a contract to use its best efforts to secure funding for a multi-year contract, obligate itself beyond the fiscal year of execution of the contract to renew the contract for subsequent years ? "(2) Does a provision in this contract stating that it may be terminated only upon the non-availability of funds bind the City and require the City to appropriate funds for subsequent years ?" In regard to these questions, your request states: No vote of the people was conducted approving the contract and only the first year's payments were appropriated. The Oklahoma Constitution, Article X, Section 26 and cases construing such provision designate restrictions upon multiple year agreements by political corporations and other subdivisions of the State. Article X, Section 26 provides: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, . . ." See also Okla. Const., Article X, Section 23 restricting the State's indebtedness and obligations. In the case of Independent School District No. 1, McIntosh County, Oklahoma v. P. A. Howard, Okl.,336 P.2d 1097 (1959) the Court in construing Article X, Section 26 held that: ". . . contracts, executed or executory, entered into in one fiscal year which in any way seek to bind the revenues of a succeeding fiscal year are void." (Emphasis added) Further, in Consolidated School District No. 6 v. Panther Oil Grease Mfg. Co.,197 Okl. 66, 168 P.2d 613 (1946), the Court held that: "The revenue of each year must take care of the expenditures of such year and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by vote of the people and within the limitations therein provided." Moreover, numerous Attorney General Opinions have consistently held that a contract which tends to bind the State or subdivisions thereof to an agreement to expend future fiscal year funds is invalid and unenforceable. Atty. Gen. Op. No. 76-365 (December 28, 1976); Atty. Gen. Op. No. 78-256 (December 28, 1978); Atty. Gen. Op. No. 79-99 (May 18, 1979). Opinion No. 78-256 addressed the legality of various clauses found in contracts drafted by private entities, one of which provided that the contract is subject to termination on nonappropriation of funds. The Opinion stated: ". . . the intent of the clause is to bind the state to a contract which will continue into succeeding fiscal years, subject to appropriations being available in the succeeding fiscal years. ". . . clauses which provide that a contract is to exceed the then existing fiscal year, though subject to termination if the legislature fails to appropriate funds therefore, are inconsistent with the laws of the State of Oklahoma and thus void." Attorney General Opinion No. 79-138 (May 22, 1979), the latest expression with respect to multi-year contracts held that multi-year contracts are not, in and of themselves, invalid so long as the limiting provisions in the Oklahoma Constitution are met, to-wit: do not purport to bind the State to an agreement to appropriate funds in any subsequent fiscal year. It is, therefore, the official opinion of the Attorney General that: (1) An Oklahoma Municipal Corporation may not obligate itself beyond the fiscal year by the execution of a contract which promises that municipal officials will use their best efforts to secure future funding. (2) A provision in a contract let by a Municipal Corporation providing that the contract may be terminated only upon the non-availability of funds is void. (PATRICIA R. DEMPS) (ksg)