The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: May the Board of County Commissioners in accordance with Article X, Section 26 of the Oklahoma Constitution call a special election for the purpose of a county tax levy to provide funding of operational and maintenance expense of an existing county hospital? Article X, Section 26 of the Oklahoma Constitution provides: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor, in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five percent (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that if a school district has an absolute need therefor, such district may, with the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding five percent (5%) but not exceeding ten percent (10%) of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness, for the purpose of acquiring or improving school sites, constructing, repairing, remodeling or equipping buildings, or acquiring school furniture, fixtures or equipment; and such assent to such indebtedness shall be deemed to by a sufficient showing of such absolute need, unless otherwise provided by law. Provided further, that if a city or town has an absolute need thereof, such city or town may, with the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding five percent (5%) but not exceeding ten percent (10%) of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness, and such assent to such indebtedness shall be deemed to be a sufficient showing of such absolute need unless otherwise provided by law. Provided, further, that any county, city, town, school district, or other political corporation, or subdivision of the state, incurring any indebtedness requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due; and also to constitute a sinking fund for the payment of the principal thereof within twenty-five (25) years from the time of contracting the same, and provided further that nothing in this section shall prevent any school district from contracting with certificated personnel for periods extending one (1) year beyond the current fiscal year, under such conditions and limitations as shall be prescribed by law." The intent and plain purpose of Article X, Section 26 of the Constitution of this State is to require that the revenue of each year take care of the expenditures of such year, and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, where legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided. Independent School District No. 1, McIntosh County v. Howard, Okl., 336 P.2d 1097 (1959). The county hospital to which you have referred was established pursuant to 19 O.S. 781 [19-781] et seq. (1971) and, as such, is authorized to become indebted in the manner and for the purposes authorized therein. Bonds are authorized for "purchasing sites, erecting and constructing county hospitals, including alterations, additions to, and enlargements of existing hospital buildings." Operational and maintenance expenses of an existing county hospital are not purposes for which bonds may be issued. 19 O.S. 781 [19-781] (1971). Since general obligation bonds are not authorized for operational and maintenance expenses under the provisions of 19 O.S. 781 [19-781] et seq. (1971), as amended, an election pursuant to Article X, Section 26 of the Oklahoma Constitution would be unauthorized since, even if voter approval was received, the debt could not be incurred. By virtue of the above cited authorities, it is mandatory that county hospitals fund operational and maintenance expenses out of their current budget and have no authority to fund operational and maintenance expenses of an existing county hospital by incurring indebtedness pursuant to assent of the voters under Article X, Section26 of the Oklahoma Constitution. It is, therefore, the official opinion of the Attorney General that the Board of County Commissioners may not call a special election for the purposes of a county tax levy to provide funding of operational and maintenance expenses of an existing county hospital. Okla. Const. Article X, Section 26; 19 O.S. 781 [19-781] et seq. (1971), as amended. (MICHAEL JACKSON) (ksg)