Dear Debbe Leftwich,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:[1]
 1. May the board of education of a consolidated school districtlawfully convey real property without consideration to an Oklahoma stateinstitution of higher education pursuant to 70 O.S.Supp. 2008, § 5-117(A)(11)?
 2. May the board of education of a consolidated school districtlawfully convey real property without consideration to an overlappingarea school district pursuant to 70 O.S.Supp. 2008, § 5-117(A)(11)?
¶ 1 Section 5-117 of Title 70 is a part of the School Code of 1971, which sets forth the powers and duties of the board of education of a school district. Subsection (A)(11) describes the methods by which a school board may dispose of real or personal property no longer needed by the school district. The statute provides, in pertinent part, that a school board has the power to
 [d]ispose of personal or real property no longer needed by the district by sale, exchange, lease, lease-purchase, sale and partial lease back, or otherwise. Real property shall be conveyed pursuant to a public sale, public bid, or private sale; provided however, unless otherwise prohibited by law, the board of education of a consolidated or annexed school district may convey real property to a local political subdivision without consideration.
Id. (emphasis added).
¶ 2 The statute is plain; only a consolidated or annexed school district may convey real property without consideration, and then only to a local political subdivision. The provision establishing the no-consideration exception was added to subsection (A)(11) by 1992 Okla. Sess. Laws ch. 111, § 2(A)(11).[2] To answer your questions requires an analysis of whether an institution of higher education or an overlapping area school district constitutes a "local political subdivision."
 I. Political Subdivision
¶ 3 The term "local political subdivision" is not defined in the School Code of 1971 or elsewhere in Title 70. However, "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25 O.S. 2001, § 2[25-2]. The Administrative Procedures Act and the Governmental Tort Claims Act define the term "political subdivision" to include a school district. 75 O.S. 2001, § 250.3[75-250.3](13); 51 O.S.Supp. 2008, § 152[51-152](10)(b). A school district is also recognized by the Oklahoma Constitution as a political subdivision for purposes of indebtedness. Okla. Const. art. X, § 26(a). "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, orsubdivision of the state, shall be allowed to become indebted." Id.
(emphasis added). See also Grimes v. City of Oklahoma City, 49 P.3d 719,725 (Okla. 2002). The Oklahoma Supreme Court described a school district as a political subdivision when considering whether a district's failure to affirmatively plead the defense of a statute of limitations constituted a waiver of the defense. Nordman v. Sch. Dist. No. 43,121 P.2d 290, 291 (Okla. 1941). A recent Attorney General Opinion further confirms that a school district is a political subdivision. A.G. Opin. 05-12, at 66.
¶ 4 Title 70 defines a school district as "any area or territory comprising a legal entity, whose primary purpose is that of providing free school education, whose boundary lines are a matter of public record, and the area of which constitutes a complete tax unit." 70 O.S. 2001, § 1-108[70-1-108]. School districts which meet this definition are political subdivisions to which a consolidated or annexed school district may lawfully convey without consideration real property it no longer needs.
 II. Institution of Higher Education
¶ 5 An institution of higher education is not a school district.
 "Institution of higher education" means an educational institution which:
 (1) Admits as regular students only individuals having a certificate of graduation from a high school, or the recognized equivalent of such certificate;
 (2) Is legally authorized in this state to provide a program of education beyond high school;
 (3) Provides an educational program for which it awards a bachelor's or higher degree, or provides a program which is acceptable for full credit toward such degree, a program of postgraduate or postdoctoral studies, or a program of training to prepare students for gainful employment in a recognized occupation; and
 (4) Is a public or other nonprofit institution.
40 O.S. 2001, § 1-214[40-1-214]; see also A.G. Opin. 74-143, at 67.
¶ 6 Institutions of higher education are also not another type of political subdivision. The statutory definitions for political subdivision do not include an institution of higher education. See Okla. Const. art X, § 26(a); 75 O.S. 2001, § 250.3[75-250.3](13); 51 O.S.Supp. 2008, § 152[51-152](10). Under the canon of statutory construction, expressio uniusest exclusio alterius, the mention of particular items in a statute implicitly excludes all other items. R. R. Tway, Inc. v. Okla. TaxComm'n, 910 P.2d 972, 977 (Okla. 1995). Accordingly, a consolidated or annexed school district may not lawfully convey real property without consideration to an institution of higher education.
 III. Overlapping Area School District
¶ 7 The issue becomes more complex when considering an overlapping area school district. The term "area school district" was previously applied to vocational-technical school districts, now known as technology center school districts. 2001 Okla. Sess. Laws ch. 33, § 183. Section 9B of Article X, added to the Oklahoma Constitution in 1966, authorizes the establishment of technology center school districts for technology center schools.[3] After 1966, the Legislature passed statutes (codified as amended at 70 O.S. 2001 Supp. 2008, §§ 14-108, 4410, 4411, 4420, 4420.1) setting forth how such districts may be created. Section 14-108(I), in the School Code of 1971, governs the establishment and operation of technology center school districts established primarily to provide career and technology education to high school students as part of the students' secondary education. Sections 4410, 4411, 4420 and 4420.1, in the Higher Education Code, govern technology center school districts established by institutions of higher education to provide post-secondary vocational training. The boundaries of one technology school district may overlap those of another technology center school district or may overlap the boundaries of an elementary or independent school district. See A.G. Opin. 08-32, 2008 WL 5425747, at *3-4 (explaining overlap areas).
¶ 8 Technology center school districts are a type of school district. "All school districts in Oklahoma, now in existence or which may hereafter be created, shall be designated only as independent, elementary or technology center school districts." 70 O.S. 2001, § 5-101[70-5-101]. Section 14-108 provides that the boards of technology center school districts "shall have the same powers and duties that boards of education of independent school districts have." 70 O.S.Supp. 2008, § 14-108[70-14-108](B). Section 4410, which allows community junior colleges to establish technology center school districts, provides that "laws applicable to other technology center school districts, including laws authorizing tax levies and laws pertaining to eligibility for participation in federal funds, shall be applicable to such district."Id.
¶ 9 However, technology center school districts established by colleges have characteristics that distinguish them from other technology center school districts. These distinctions seem to indicate a contrary intention by the Legislature that the term "school district," when applied to a college technology center school district, does not have the same meaning as a school district that is considered a political subdivision. While college technology center school districts carry the label of "school district," they do not meet one of the prongs of the general definition of a school district. A school district is "any area or territory comprising a legal entity, whose primary purpose is that of providing free school education, whose boundary lines are a matter of public record, and the area of which constitutes a complete tax unit." 70 O.S. 2001, § 1-108[70-1-108]. College technology center school districts do not have the primary purpose of providing a free education, as they charge tuition fees for their post-secondary vocational training programs.
¶ 10 College technology center school districts are further distinct from other school districts in that they are not eligible for state dollars appropriated to the State Board of Career and Technology Education. 70 O.S. 2001, § 4420.2[70-4420.2]. The members of the Board of Regents or Board of Trustees of the college also serve as the board of education for the technology center school district.[4] See 70 O.S. 2001 Supp. 2008, §§ 4410, 4411, 4420(A), 4420.1(A). The State Board of Regents of Higher Education, rather than the State Board of Career and Technology Education, oversees post-secondary technical and occupational education programs offered by college technology center districts. 70 O.S. 2001, § 2258[70-2258]. College technology center schools provide programs that are more akin to post-secondary-level education such as training for occupations in engineering and scientific fields, while secondary-level technology center schools provide programs in more skills-based areas such as carpentry, practical nursing and cosmetology.Id. §§ 2253, 2254, 2257.
¶ 11 An elementary, independent, or technology center school district whose primary purpose is to provide free school education is a political subdivision to which a consolidated or annexed school district may convey real property without consideration. However, a college technology center school district, established pursuant to 70 O.S. 2001 Supp. 2008, §§ 4410, 4411, 4420, or 4420.1, which provides post-secondary career technology education for a fee does not meet the definition of a school district. As such, the district is not a political subdivision to which real property of a consolidated school district may be conveyed without consideration.[5] Whether any particular school district is a consolidated or annexed school district is a question of fact beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 12 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. An Oklahoma institution of higher education is not a political subdivision as that term is defined in Oklahoma statutes and used in 70 O.S.Supp. 2008, § 5-117(A)(11). Therefore, a consolidated or annexed school district may not lawfully convey real property without consideration to such an institution pursuant to 70 O.S.Supp. 2008, § 5-117(A)(11).
 2. A technology center school district established pursuant to 70 O.S.Supp. 2008, § 14-108[70-14-108] is a school district that is considered a political subdivision as that term is defined in Oklahoma statutes and used in 70 O.S.Supp. 2008, § 5-117(A)(11). Therefore, a consolidated or annexed school district may lawfully convey real property without consideration to such a school district.
 3. A college technology center school district established pursuant to 70 O.S. 2001 Supp. 2008, §§ 4410, 4411, 4420 or 4420.1 is not a school district that is considered a political subdivision as that term is defined in Oklahoma statutes and used in 70 O.S.Supp. 2008, § 5-117(A)(11). Therefore, a consolidated or annexed school district may not lawfully convey real property without consideration to such a district. Attorney General Opinion 74-221 is hereby modified to the extent that it is inconsistent with this Opinion's conclusions about a college technology center school district.
W.A. DREW EDMONDSON
Attorney General of Oklahoma
SANDRA BALZER
Assistant Attorney General
[1] Your original questions asked whether a school district that was consolidated before 1965 could currently convey real property without consideration. The date on which a school district became consolidated is not a relevant factor in determining whether an institution of higher education or an overlapping school district are political subdivisions to which real property may currently be conveyed. A school district that was consolidated before 1965 retains its status as a consolidated school district for the purposes of 70 O.S.Supp. 2008, § 5-117[70-5-117](A)(11).
[2] Two previous Attorney General Opinions addressed the issue of whether Section 5-117 of Title 70 authorized a school district to convey property without consideration to a city and to an area vocational-technical school district. Both Opinions held that conveying property without consideration was not authorized by the statute as it read prior to the 1992 amendment. A.G. Opins. 76-300, at 338; 81-185, at 340.
[3] Article X, Section 9B was added by State Question No. 434. The constitutional amendment was adopted at an election held May 24, 1966.See http://www.sos.state.ok.us/exec_legis/InitList.asp (last visited Feb. 18, 2009).
[4] Although they share governing boards, the technology center school district and the college are distinct and separate legal entities.Sherrill v. Bd. of Tr., 515 P.2d 1388, 1390 (Okla. 1973); A.G. Opin. 81-185, at 337-38.
[5] Attorney General Opinion 74-221provides that vocational-technical area school districts are political subdivisions. However, the Opinion does not distinguish between college technology center school districts established pursuant to Sections 4410, 4411, 4420 and 4420.1 of Title 70, and secondary level technology center school districts established pursuant to Section 14-108 of Title 70. See A.G. Opin. 74-221, at 199-200. Opinion 74-221 is hereby modified to the extent that it is inconsistent with this Opinion's conclusions about a college technology center school district.